FISKE
*vs.*
FLEMING'S
SYNDIC.

Prescription
is an exception
which does not
touch the merits;
and when this
exception is
overruled, the
party should be
heard on the
merits.

═══════

## FISKE *vs.* FLEMING'S SYNDIC.

### APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

In order to constitute a sale *per aversionem,* there must be certain limits or boundaries given, or a distinct and separate object described, as a field inclosed, or an island.

Where a tract of land is sold, with no boundaries or limits, except as fronting on the river, and described as having eight arpents front, *forming about nine hundred and eighty superficial arpents,* with an incomplete double concession, and it is afterwards ascertained to contain *less,* the purchaser must have the difference in price, in proportion to the diminution in quantity, refunded.

The purchaser at an auction sale, looks for a description of the thing sold, principally to the *procès verbal* of the auctioneer, or act of sale, rather than to title deeds delivered, furnishing *evidence of title.*

The admission of an agent, accepting a sale, that the title-deeds to the property were furnished, does not amount to an exemption from warranty, on the part of the vendor, *as to the quantity* of land set forth in the act of sale.

This is an action for a diminution and refunding of part of the price of a tract of land, on account of a diminution of quantity.

The plaintiff shows, that at an auction sale, by the syndic of the creditors of John Fleming, f. m. c., in 1834, he purchased a sugar plantation, situated in the parish of Iberville, described in the *procès verbal* of the auctioneer, as having "eight arpents front on the Mississippi river, forming about nine hundred and eighty superficial arpents, &c.," and which was adjudicated to him for the sum of nineteen thousand three hundred dollars. He further shows, that since his purchase he has ascertained that it contains only about six hundred and twenty superficial arpents, and that this deficiency in the quantity diminishes the value in a greater proportion than that of price, because it renders his plantation too small for the profitable culture of sugar, and that he has sustained damage to the amount of seven thousand five hundred dollars, which he is entitled to claim in a reduction of the price to that extent: and, having paid the price, he prays that this sum be refunded, and that the syndic be required to retain it out of the price of the plantation, and that he have judgment for this sum.

The defendant averred, that the plaintiff knew well the contents of the plantation in question, before he received the act of sale, and paid the price, and was informed, if he was dissatisfied with his purchase, he need not take the property, and the sale would be annulled; and that the land and plantation was sold with *metes and bounds*, by order of court, to pay the debts of the insolvent, and that the plaintiff has no right of action.

Upon these pleadings and issues, the cause was tried. The *procès verbal* of the auctioneer, title and act of sale, were all in evidence; also, a plat and survey of the land, by which it appeared the actual quantity was six hundred and twenty 73-100 superficial arpents of Paris.

The cause was submitted to a jury, who returned a verdict for the plaintiff, of three thousand dollars, and the court being

satisfied with the verdict, gave judgment accordingly, from which the defendants appealed.

*Ives* and *J. Slidell,* for the plaintiff, insisted that the sale of the plantation and land in question was made by the quantity, and that it was not a sale *per aversionem.*

*Hennen, Roselius* and *Pichot,* for the defendant and appellant, urged that the sale was made by metes and bounds; was a distinct tract of land, with a defined front, and cultivated and known as a sugar plantation; and that, consequently, it was a sale *per aversionem,* in which the purchaser could claim no diminution or reduction of price.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff alleges, that he purchased, at a public sale, provoked by the defendant, as syndic of the creditors of one Fleming, a tract of land belonging to the insolvent, described as having a superficies of nine hundred and eighty arpents, with an incomplete second concession; that he complied with the conditions of the adjudication, but he finds that the plantation thus purchased, contains only about six hundred and twenty-nine arpents, instead of the quantity warranted. This suit is brought to recover back a part of the price, proportioned to the deficiency of land.

The plaintiff having a judgment in his favor, based upon the verdict of a jury, the defendant appealed. His counsel relies in this court, upon the ground that the sale was *per aversionem,* and that, according to article 2471 of the Louisiana Code: "there can be neither increase nor diminution of price on account of disagreement in measure, when the object is designated by the adjoining tenements and sold from boundary to boundary." He refers us to numerous adjudged cases, in which the above recited article has received an interpretation from this court.

The description of the tract of land in question as given in the notarial act of sale, is as follows: "Une habitation située dans la paroisse, &c., ayant huit arpens de face, formant

In order to constitute a sale *per aversionem,* there must be certain limits or boundaries given, or a distinct and separate object described, as a field inclosed, or an island.

Where a tract of land is sold with no bounda-

EASTERN DIST.
*April,* 1840.

FISKE
*vs.*
FLEMING'S
SYNDIC.

environ neuf cent quatre-vingt arpens de superficie, avec une double concession incomplète, &c. La dite habitation se composant de diverses portions de terres, acquises par Jean Fleming de diverses personnes, dont les titres, au nombre de cinq, ont été remis à M. Desaulles, &c." The *procès verbal* of the auctioneer gives the same description.

None of the cases relied on by the appellant appear to us to support him. It results from all those adjudicated cases that, to constitute a sale *per aversionem*, there must be certain limits or boundaries given, or a distinct or separate object described, as a field inclosed, or an island ; because it is presumed that the parties had their attention fixed, rather upon the boundaries than the enumeration of quantity. But in the case now before us no boundaries or limits are given, except in front. The tract is described as having eight arpents front, forming about nine hundred and eighty superficial arpents, with an incomplete double concession ; no particular depth is given, nor the degree of divergence of the side lines necessary, with such a front, to give such a superficies. Indeed, it is difficult to imagine a more vague and unsatisfactory description. It does not even afford sufficient data to enable a surveyor to make a diagram ; and it turns out in proof, that the front is not truly given, it being less than eight arpents.

But it is contended that the purchaser was furnished with all the title-deeds to the property, and admits in the act of sale that he has received them, and thus had notice of the extent of the land really sold. An agent, who appears to have accepted the notarial act of sale, admits, it is true, that those deeds have been delivered to him, and so far as we can understand an imperfect copy on record, nothing else is admitted. We are to look principally for the description of the thing sold, to the *procès verbal* of the auctioneer, or to the act which evidences the contract afterwards, rather than to title deeds delivered, principally, if not wholly, as furnishing evidence of title to the thing sold ; we are not prepared to say that such an admission by an agent, amounts to an exemp-

ries or limits, except as fronting on the river, and described as having eight arpents front, *forming about nine hundred and eighty superficial arpents*, with an incomplete double concession, and it is afterwards ascertained to contain *less*, the purchaser must have the difference in price, in proportion to the diminution in quantity refunded.

The purchaser at an auction sale, looks for a description of the thing sold, principally to the *procès verbal* of the auctioneer or act of sale, rather than to title deeds delivered, furnishing *evidence of title.*

The admission of an agent, accepting a sale, that the title deeds to the property were furnished, does not amount to an exemption from warranty on the part of the vendor, *as to the quantity* of land set forth in the act of sale.

EASTERN DIST.   tion from warranty, as to the quantity of land set forth in the
*April*, 1840.   act of sale.

M'MASTER AND
HYDE            It is, therefore, ordered, and decreed, that the judgment
*vs.*            of the Parish Court be affirmed, with costs.
BRANDER ET AL.