SUCCESSION OF HENRY FLOWER—On the Opposition of the BANK OF LOUISIANA.

An inscription of a mortgage which is not renewed until after an interval of ten years, ceases to have effect against any third person having an an adverse interest.

The subsequent reinscription only gives it effect from the date of such reinscription.

Prescription against the creditors of an insolvent is suspended by a surrender of his property, but the same principle is not applicable to successions whether solvent or insolvent.

The right of a mortgage creditor is lost by the failure to reinscribe within ten years, although before the ten years had expired the mortgagor had died.

APPEAL from the District Court of West Feliciana, *Ratliff*, J.

*U. B. & E. Phillips*, for administrator. *Hudson* and *Brewer & Collins*, for opponent and appellant.·

LEA, J. The Bank of Louisiana obtained a judgment against *Henry Flower*, which was duly recorded in the mortgage office on the 9th of June, 1831. It was reinscribed in August, 1840, and again reinscribed on the 10th of February, 1854. An interval of more than ten years elapsed between the first and second reinscription. *Flower* died previous to the year 1840.

It is contended on behalf of the appellant, that this judicial mortgage is in full force. *First*, because no reinscription is necessary; and, *second*, that if necessary the·reinscription in 1854 had the effect to revive the mortgage as against the other creditors.

We cannot give our assent to either of those propositions. It is unnecessary to discuss the policy of the law, at least for the purpose of interpretation, when its provisions are absolute.

Prescription runs against a vacant estate even though no curator may have been appointed. C. C. 3492. Prescription runs against all persons unless they are included in some exception established by law. C. C. 3487. An inscription of a mortgage which is not renewed until after an interval of ten years, ceases to have effect against any third person having an adverse interest. A subsequent reinscription could give it effect only from the date of such reinscription. 2 An. 100.

It is urged that the rights of all mortgage creditors are fixed by the death of an insolvent debtor ; that all judicial proceedings being stayed by the death of the debtor, prescription ceases to run against mortgage creditors, and their rights·remain unalterably fixed until the estate is disposed of according to law.

This argument is alike incorrect in its premises and in its conclusion. Judicial proceedings are not necessarily stayed against the estate of an insolvent debtor, and there is nothing peculiar in this case which prevented the opponent from preserving her rank as a mortgage creditor by a timely reinscription. See 3 An. 714; 12 Rob. 507.

On the second point, the provisions of the Code are clear and explicit. " If a succession which is administered by a curator or beneficiary heir is not sufficient to satisfy the creditors, an inscription made by one of them *after it is opened*, shall have no effect against the others." C. C. 3327. The opponent's right as a mortgage creditor having been lost by a failure to reinscribe within ten years, could not be reinstated by an untimely reinscription. No *new right* could be created by such a proceeding. The statutory provision of the Code quoted above, must, in our opinion, control the rights of parties in this case; and however strong the analogy between the administration of an insolvent succession, and that of property surrendered by an insolvent debtor, we are not at liberty to overlook the absolute provisions of the Code for the purpose of preserving a supposed uniformity in such cases.

Prescription against the creditors of an insolvent is suspended by a surrender of property. The property ceded is supposed to be given in pledge by the debtor to his creditors, and while that pledge continues, it is considered a standing acknowledgment of the debt. Whether this theory is well founded or not, as respects an insolvent debtor, it evidently can have no application to successions whether solvent or insolvent.

We think the judgment should be affirmed.

Judgment affirmed.