The writ of mandamus is therefore made peremptory.

### On Application for Rehearing.

(June 22, 1903.)

PER CURIAM. Further consideration has led the court to the conclusion that the question whether the undercurator of an interdict shall be authorized to bring suit for the removal of the curator involves the exercise of a judicial discretion which is vested by law in the judge of the district court, and which is not reviewable by mandamus. The

remedy in case of the abuse of such discretion is by appeal. The rehearing applied for in this case is accordingly granted.

(Nov. 3, 1903.)

On motion of Walter L. Gleason, of counsel for E. J. Conery, applicant for rehearing, and upon suggesting to the court that, subsequent to the granting of the rehearing herein, his honor Jno. St. Paul, judge of Division C, civil district court, with consent of counsel, granted the order authorizing the undercurator to institute the suit for removal of the executor, and upon further suggesting that the refusal of the said judge originally to grant said order was the sole basis of the herein action, and there is no substantial issue before the court for adjudication, with the consent in open court of Henry L. Lazarus, Esq., opposing counsel, it is ordered by the court that the above entitled and numbered matter be dismissed.

---

(35 South. 262.)

No. 14,784.

McVEA et al. v. VANCE & LOGAN.

(Nov. 3, 1903.)

LEASE—CONSTRUCTION—ABATEMENT OF PRICE.

1. A contract of lease, in which a plantation is designated by name, and the number of acres in cultivation is stated approximately, is not a lease per aversionem, but falls within the rule established by Civ. Code, arts. 2701, 2494; and, where "the real measure comes short of that expressed in the contract by one-twentieth," the lessee is entitled to a corresponding abatement in the rent.

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Alfred Dillingham Land, Judge.

Action by Mattie S. McVea and husband against Vance & Logan. Judgment for plaintiffs, and defendants appeal. Affirmed.

Thomas Fletcher Bell, Charles Latham Gaines, and Frank J. Looney, for appellants. Thigpen & Foster, for appellees.

### Statement of the Case.

MONROE, J. This is a suit for the recovery of a balance alleged to be due on the first of a series of notes given for the rent of a plantation. The defense is that the

plantation does not contain the acreage of "land in cultivation" called for by the lease, and that there should be an abatement of the rent. The lease, which was entered into in December, 1901, and runs for five years from January 1, 1902, reads, in part, "that certain plantation known as Cash Point Plantation, containing about 1,100 or 1,200 acres in cultivation. The consideration of the above lease being a rental (annual) of $5,500."

When the note sued on·fell due, the lessees declined to pay the whole amount, and claimed an abatement in proportion to the alleged shortage of the acreage. By agreement, however, and without prejudice to the rights of either party, they paid $3,450, as in part payment, and tendered $660, plus $3.50, protest fees (and $7.70 subsequently tendered), as in full of the balance admitted by them, and the lessor brought this suit for $2,053.50 as the balance claimed by him.

According to a survey made for the purposes of this case, Cash Point Plantation contains 823.54 "acres in cultivation." The learned judge a quo held that the contract between the parties could not be considered a lease of a plantation, regardless of acreage, and that, whilst the word "about," as applied to the number of "acres in cultivation," does not fix the quantity at 1,100 acres (the lowest number stated), the lessees are entitled to relief only after the shortage reaches 5 per cent. of that number. In other words, he holds that, under the description "about 1,100 or 1,200 acres in cultivation," the lessor was bound to furnish only 1,100 acres, less 5 per cent., or 1,046 acres, and hence that the shortage for which he is responsible is 1,046, less 823.54 (the number actually furnished), or 222.46 acres. And he accordingly gave judgment for plaintiff for $879.49, as the balance due on the note sued on, with interest and cost of protest, and adjudged the defendants entitled to credits, by way of reduction on each of the unmatured notes, of $1,170.57. The defendants have appealed, and the plaintiff answers, praying that the judgment be so amended as to award him the amount claimed in the petition.

## Opinion.

Counsel for plaintiff argue that the contract in question is a lease per aversionem, falling under Civ. Code, art. 2495, and that the shortage in the acreage of the plantation in no manner affects the liability of the lessees for the rent as stipulated. But in the event that the court should not adopt that view, they ask that the judgment appealed from be affirmed.

Counsel for defendants insist that the contract is not a lease per aversionem, but that it is a lease of a certain and limited body —a predial estate—followed by a recital of its measure, within the meaning of Civ. Code, art. 2494, and that, inasmuch as the shortage in the acreage exceeds 5 per. cent., they are entitled to relief to the whole extent thereof. The law applicable to the subject is to be found in the following provisions of the Civil Code, to wit:

Under the title "Of Lease":

"Art. 2701. If, in the lease of a predial estate, the premises have been stated to be of greater extent than they, in reality, are, the lessee may claim an abatement of the rent, in the cases and subject to the provisions prescribed in the title, 'Of Sale.'"

Under the title, "Of Sale":

"Art. 2491. The seller is bound to deliver the full extent of the premises as specified in the contract, under·the modifications hereinafter expressed.

"Art. 2492. If the sale of an immovable has been made with indication of the extent of the premises at the rate of so much per measure, the seller is obliged to deliver to the buyer, if he require it, the quantity mentioned in the contract, and if he cannot conveniently do it, or if the buyer does not require it, the seller is obliged to suffer a diminution proportionate to the price.

"Art. 2493. If, on the other hand, there exists an extent of more than is specified in the contract, the buyer has a right either to give the supplement of the price or to recede from the contract, should the overplus be upwards of a twentieth part of the extent which is declared.

"Art. 2494. In all other cases, whether the sale be of a certain and limited body, or of distinct and separate objects, whether it first set forth the measure, or the designation of the object, followed by its measure, the expression of the measure gives no room for any supplement of the price in favor of the seller for the overplus of the measure;.

neither can the purchaser claim a diminution of the price on a deficiency of measure, unless the real measure comes short of that expressed in the contract by one-twentieth part, regard being had to the totality of the object sold: provided there be no stipulation to the contrary.

"Art. 2495. There can be neither increase nor diminution of the price on account of disagreement in measure, when the object is designated by the adjoining tenements and sold from boundary to boundary."

The object in the case at bar is not "designated by the adjoining tenements," nor leased "from boundary to boundary," but is "a certain limited body," the designation of which, "Cash Point Plantation," is "followed by its measure," "about 1,100 or 1,200 acres in cultivation." The case is therefore to be determined agreeably to the articles 2701 and 2494, above cited. "A sale of a tract of land which is described by its name and as containing a certain number of acres is not a sale per aversionem, the property not being designated by adjoining tracts, nor sold from boundary to boundary." Hall v. Nevill, 3 La. Ann. 326. See, also, Fiske v. Fleming's Syndic, 15 La. 202; State v. Buck and Fruit Co., 46 La. Ann. 671, 15 South. 531.

An examination of the authorities to which we are referred by the learned and diligent counsel for the plaintiff, and a comparison of the facts therein disclosed with those here presented, fail to convince us that the conclusion thus reached is incorrect, or is in conflict with established jurisprudence.

According to the view adopted by our Brother of the district court, the buyer, under article 2494, is entitled to relief only to the extent that the shortage exceeds one-twentieth of the measurement expressed in the contract. Such, however, is not the law. Such relief is authorized when "the real measure comes short of that expressed in the contract by one-twentieth" of the measurement so expressed, and, in such case, as we interpret it, to the full extent of the shortage.

Taking 1,100, therefore (the minimum number called for by the lease), and deducting therefrom the 823.54 (the real number found in the plantation), we have 276.46, acres, as the shortage, with respect to which the defendants are entitled to abatement of rent at the rate of $5 an acre, or a total, in money, of $1,382.30 per annum; and the balance due the plaintiff in the present suit is $671.20, of which amount $663.50, including protest fees, were tendered before, and the remaining $7.70 after, the filing of the suit. There was, however, no tender of interest, and the defendants do not save any costs in the district court.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by reducing the amount allowed the plaintiff from $879.49, with $3.50 protest fees, to $660, with $3.50 protest fees, and by increasing the amount of the credit, by way of reduction and abatement, allowed the defendants on the remaining and unmatured notes, from $1,170.57 to $1,382.30, and that, as thus amended, said judgment be affirmed; the plaintiff to pay the costs of the appeal.