No. 2619

Second Circuit

DWYER v. SMITH

(April 5, 1929. Opinion and Decree.)

Jas. W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellant.

M. L. Dismukes, of Natchitoches, attorney for defendant, appellee.

ODOM, J. This is an action of boundary brought under Articles 823 and 824 of the Civil Code. The plaintiff alleged that he owned a certain tract of land in the Parish of Natchitoches which is bounded on the east by a tract owned by the defendant, G. Percy Smith, and that

the boundary line between the two tracts is unknown and unmarked; that he had been unable to obtain defendant's consent to have said boundary line established; and he prayed that the Court appoint a surveyor to establish the line according to the methods prescribed by the Code.

The Court apointed Donald E. Fuellhart, a licensed surveyor, to survey said line and make due return to the Court. Fuellhart made the survey and returned to the Court his proces-verbal, together with a plat showing the boundary line as fixed and established by him.

Plaintiff then ruled defendant to show cause why the proces-verbal and the survey, showing the line established, should not be approved, homologated and made the judgment of the Court.

The order appointing Fuellhart to make the survey and establish the boundary line is dated June 4, 1925. On July 17th following, the defendant filed in Court an objection to the appointment of Fuellhart reciting, among other things, that he had been desirous of having the line established and desired that V. G. Hyams, surveyor, do so, but that such selection was not satisfactory to plaintiff who wished to have Fuellhart appointed; and "he shows that there are other surveyors in the Parish, competent and qualified, and that neither of the ones selected by the litigants should be appointed, but one selected by the Court, other than Hyams or Fuellhart." But the Court had already appointed Fuellhart, who proceeded with the work. It does not appear that defendant during the progress of the work made any objection thereto—that is, to the method of locating and establishing the line, as no mention thereof is made in Fuellhart's proces-verbal, although according to the return, the defendant was duly notified and was present while the survey was being made. (See Art. 837, C. C.)

Fuellhart's proces-verbal and his plat were returned and filed in Court on October 23, 1925. On November 21st following, defendant made answer in which he admitted that plaintiff's lands are bounded on the east by lands of G. P. Smith, but averred that the line dividing the two estates had already been run and established by V. G. Hyams, surveyor, which line, he alleged, should be accepted by the parties; that the line established by Hyams had been approved by the plaintiff, Dwyer, and that he is now estopped to deny the correctness of said line.

He especially denied the necessity of running a new line and denied that the line established by Fuellhart, as shown in his proces-verbal and plat, is correct. Upon trial of the rule to show cause, the lower court rendered judgment as follows:

"That plaintiff's suit and action be and the same is denied and dismissed; and it is further ordered, adjudged and decreed that the rule and motion to homologate the proceedings and proces-verbal of survey as made by Donald E. Fuellhart, be and the same is denied and rejected and disallowed."

And it was further ordered:

"That either party to the said suit may proceed by such action, petitory, possessory, jactitation or otherwise, as he may deem fit and proper."

From this judgment plaintiff appealed.

## OPINION

The only question presented for our decision is whether the boundary line established by Fuellhart, as shown by the proces-verbal of his survey and the plat which he annexes, is correct.

Defendant admitted in answer that there was confusion and dispute as to the correct location of the boundary line, and alleged that he himself had desired that the line be re-established by a surveyor. Counsel for defendant in brief says:

"The lower Court found that the property of Dwyer (plaintiff) and Smith (defendant) was not contiguous and therefore denied the demands of plaintiff, and refused to confirm the survey made by Fuellhart."

And he now urges that point in this Court.

We have no means of knowing upon what theory the District Judge based his judgment, other than as stated by counsel, as the Judge assigned no written reasons. But, if counsel is correct in his statement, it is very evident that the Judge overlooked paragraph 3 of the first part of defendant's answer, which reads as follows:

"Admits Article 3 to the effect that plaintiff's lands are bounded on the East by lands of G. P. Smith, same being the Old Powell Place."

So that plaintiff having alleged and defendant having admitted in answer that the two estates are contiguous, that point passed out of the case. Aside from the pleadings, however, the proof is abundant and clear that the two tracts are contiguous, as will presently be stated.

The boundary line in dispute is one which runs north and south, plaintiff's land being on the west, and defendant's on the east thereof. Fuellhart, appointed by the Court to make the survey, established the line on the quarter section line between the SW¼ of SW¼ and the SE¼ of the SW¼ of Section 33, Township 9 North, Range 8 West, projecting said line south across the township line into Section 4, Township 8, down to St. John's Bayou, as plaintiff owned all the land in the NW¼ of the NW¼ of Section 4 north of that Bayou, and, as defendant owned the N½ of the NE¼ of NW¼ of said Section 4. The line located by Fuellhart is seven (7) chains east of a line which had been previously established by V. G. Hyams, another surveyor, whose survey was extra judicial. Defendant contends that Hyams' line should be accepted, and the lower court seems to have entertained the same view, which view is erroneous as we shall show.

Plaintiff purchased the land which he now owns under two separate deeds. On October 10, 1916, as per deed recorded in conveyance book 140, page 407, he purchased from J. S. Powell land described as follows:

"That certain tract of land in the Parish of Natchitoches, Louisiana, and known as a part of the E. S. Wallace home place on the north side of the main model road between Natchitoches and Robeline and being in the SW¼ of Section 33, Township 9 North, Range 8 West, with all the buildings and improvements thereon, **and being bounded on the north by Lot 3 of the John Freeman tract, on the east by the Old Powell Place, now C. A. Hart; on the south by the model road, and west by the land of George Berry, 53 acres;** and being the same land acquired by vendor from E. S. Wallace on the 21st day of March, 1913." (Boldface type ours.)

His other tract is adjacent to the above on the south, and was purchased from B. W. Duke on November 8, 1922, as per deed recorded in conveyance book 150, folio 456, and is described as follows:

"That certain tract of land situated in Natchitoches Parish, Louisiana, in Section 33, Township 9 North, Range 8, and in Section 4, Township 8 North, Range 8 West, and lying in the southwest corner of Section 33, Township 9 North, Range 8, and in the northwest corner of Sec-

tion 4, Township 8 North, Range 8 West, and being the same land acquired by B. W. Duke from the succession of Norwood T. Smith, as recorded in book —, folio —, in the records of this Parish, containing 20 acres, more or less; and **being bounded on the north by Jefferson Highway, on the south by St. John's Bayou, on the east by C. A. Hart, and on the west by section line."** (Boldface type ours.).

As the east boundary of plaintiff's land is the line in dispute, we must bear in mind that in the former deed the land is bounded on the east by the Old Powell Place, now C. A. Hart, and the land described in the latter deed is bounded on the east by C. A. Hart.

Now, if we can located the west boundary line of the Old Powell Place, as owned by Hart at the time plaintiff purchased his two tracts, we will have located also the east boundary line of plaintiff's land, because both of plaintiff's tracts are bounded on the east by the Powell Place, now owned by Hart. This line is easily located by referring to the deeds filed in evidence.

On December 6, 1913, C. A. Hart (mentioned in plaintiff's deeds), purchased of the succession of Mrs. Elvira Powell, as per deed recorded in conveyance book 136, folio 310, the following described land:

"A certain tract of land being the SW¼ of SE¼ and SE¼ of SW¼, Section 33, Township 9 North, Range 8 West, less 5 acres; and N½ of the NE¼ of NW¼ and N½ of the NW¼ of NE¼ of Section 4, Township 8 North, Range 8 West, less 31.88 acres, sold J. B. Hawthorne, as shown in book 134, folio 613."

This last described land is the Old Powell Place referred to in plaintiff's deed as forming the east boundary line of the land which he purchased, and, as said

lands are described by legal or governmental subdivisions, their western boundary is easily located.

Among the subdivisions sold was the SE¼ of the SW¼ of Section 33, Township 9 North, Range 8, and the N½ of the NE¼ of the NW¼ of Section 4, Township 8 North, Range 8, which subdivision is adjacent to and south of that in Section 33. So that the west boundary line of the Old Powell Place is the quarter section line on the west side of the SE¼ of the SW¼ of Section 33 and the west side of the NE¼ of NW¼ of Section 4. So that, as plaintiff's land is bounded on the east by the Powell Place, the dividing line between plaintiff's land and that which belongs to defendant is necessarily the quarter section line.

Going further, we find that the Old Powell Place is the land now owned by defendant, Smith, he having purchased it from C. A. Hart on January 9, 1924, as per deed recorded in notarial record book 152, page 356, the land which he purchased being especially referred to as the Old Powell Place, and described by legal subdivisions as follows:

"That certain tract of land known as the Old Powell Place and being the SW¼ of SE¼ and the SE¼ of SW¼ of Section 33, Township 9 North, Range 8, less 5 acres; and the N½ of NE¼ of the NW¼, and the N½ of NW¼ of the NE¼ of Section 4, Township 8 North, Range 8, less 31.88 acres sold to J. B. Hawthorne, bounded north by N. T. Smith succession, formerly Freeman succession and succession of Lawrence Stevens, east by succession of Lawrence Stevens, south by Hawthorne and **west by John Dwyer."**

It is, therefore, clear as can be that the west boundary line of the Old Powell Place now owned by defendant is the quarter section line. And in this connection it is well to note that defendant's deed

recited that the land which he purchased is bounded on the west by the land of John Dwyer, the plaintiff in this case.

When Fuellhart went out to locate the boundary line between the plaintiff's land and that of defendant, he had before him the title papers of both parties, and, concluding from them that the correct line was the quarter section line, he proceeded to locate that line. Defendant's counsel does not contend that the quarter section line was not correctly located by Fuellhart, his contention being that the quarter section line is not the boundary line, because to establish it there would give plaintiff more land than his deed calls for.

All the confusion over the location of the boundary line between these proprietors has arisen, we think, over the fact that the aggregate acreage purchased by plaintiff in his two deeds is stated to be 73 acres. When Hyams made his survey, he located the plaintiff's south, west and north lines, and, finding that his deeds called for 73 acres, he ran the north and south line on the east of the tract just far enough over to include that acreage, which line was seven chains west of the quarter section line.

In locating the east boundary line of plaintiffs land as he did, Hyams overlooked the fact that plaintiffs land was described by metes and bounds, from one fixed boundary to another. He knew, or should have known, that defendant owned the Powell Place, and that plaintiff's land was bounded on the east by that tract. But he did not have before him at the time of his survey defendant's title papers. He was asked:

"Q. You don't know how far west Smith's line runs?
"A. If I took Smith's description, I would run the same line that Mr. Fuellhart ran."

This is a recognition by Hyams that the line established by Fuellhart is correct. In establishing boundaries, the surveyor should consult the title papers of both parties.

Counsel for defendant in brief stresses the fact that if the line established by Fuellhart is the correct boundary line, then plaintiff owns approximately 112 acres of land, whereas his deed calls for only 73 acres, for which reason the line should be established where Hyams located it. Counsel is in error. Plaintiff's land is described by metes and bounds. Article 854 of the Civil Code reads as follows:

"If anyone sells or alienates a piece of land, from one fixed boundary to another fixed boundary, the purchaser takes all the land between such bounds, although it give him greater quantity of land than is called for in his title, and though the surplus exceed the twentieth part of the quantity mentioned in his title."

Finally, counsel for defendant says that plaintiff is estopped to deny the correctness of Hyams' line, he having approved and acted in accordance with it. The facts are that in April, 1923, plaintiff made application for a loan to be secured by mortgage on his land, and was requested to furnish a plat. He got Hyams to make a survey and the plat, which plat he attached to the act of mortgage. Plaintiff testified that he was not satisfied with this survey, and there is nothing to show that he was. Regardless of the plat, we note that the land which he mortgaged is described as being bounded on the east by the Old Powell Place, now owned by C. A. Hart.

It is necessary that we apportion the costs to be borne by the respective litigants. Article 663 of the Civil Code requires that the costs for fixing boundaries be borne jointly by the adjacent proprietors, so that the cost of the survey and

the establishment of the line should be paid jointly by plaintiff and defendant, one-half by each.

As to the court costs, we think the costs up to the filing of defendant's answer, should also be paid jointly by these litigants, because it does not appear that defendant denied originally the necessity of having the line established judicially, although it is alleged by plaintiff that defendant would not assent thereto. But, it seems that defendant did not deny the necessity of having the line established, his objection being leveled at the appointment of Fuellhart to make the survey. But the Court appointed Fuellhart, who made the survey with defendant present. He made no objection to the survey. Fuellhart returned his proces-verbal and plat into court, and it was then that defendant registered his objection, not to the necessity of establishing the line, but rather to the line as located. Having provoked the controversy which rendered necessary the taking of testimony and this appeal, and having been found by this Court to be in error, he should pay all costs resulting from the filing of and which accrued subsequent to the filing of his answer, including the cost of appeal.

Gaude vs. Williams, 47 La. Ann. 1325, 17 So. 884.

Tircuit vs. Pelanne, 14 La. Ann. 215.
Andrews vs. Knox, 10 La. Ann. 604.
Lawes vs. Watson, 12 La. Ann. 216.
Capo vs. Blanchard et al., 1 La. App. 3.

If it clearly appeared that defendant from the beginning denied the necessity of establishing the line and had resisted the action all through, we should direct that he pay all costs, including the survey, under authority of Williams et al. vs. Close et al., 14 La. Ann. 737.

If, technically, we have erred in apportioning the costs, our decree in that respect, we think, is sanctioned by equity.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be reversed and set aside; and it is now ordered, adjudged and decreed that the proces-verbal of the survey made by Donald E. Fuellhart, surveyor appointed by the Court, returned and filed by him as the law requires, establishing and fixing the boundary line between the lands owned by plaintiff and defendant on the quarter section line, as shown by plat made and filed by him, be approved, homologated and made the judgment of this Court.

It is further ordered and decreed that all costs incurred in fixing the boundary between the two estates and all court costs incurred previous to the filing of defendant's answer be paid jointly by plaintiff and defendant, one-half by each; and that all other costs be paid by defendant, Smith.