267 So.2d 625 (1972)
Mrs. Grace Agnes CORNISH et al., Plaintiffs-Appellees,
v.
KINDER CANAL COMPANY et al., Defendants-Appellees,
David Crow, Trustee, and Irvin T. Muslow, Intervenors-Appellants.
No. 3938.
Court of Appeal of Louisiana, Third Circuit.
September 19, 1972.
Rehearings Denied October 25, 1972.
Writs Refused November 28 and December 5, 1972.
*627 Shuey, Smith & Carlton, by W. Gene Carlton, Shreveport, John P. Navarre, Oakdale, Alfred Ray Ryder, Oberlin, for defendants-appellants.
Marcantel & Cassidy, by Bernard Marcantel and Charles Cassidy, Jennings, Camp, Carmouche, Palmer, Carwile & Barsh, by Charles Romano, Lake Charles, Frugé & Foret, by Jack C. Frugé, Ville Platte, Dudley Guilbeau, Beaumont, Tex., for plaintiffs-appellees.
Before SAVOY, HOOD and CULPEPPER, JJ.
HOOD, Judge.
This suit was filed originally by Mrs. Grace Agnes Cornish and others for a declaratory judgment decreeing plaintiffs to be the owners of the bottom of a canal, known as Kinder Canal, insofar as it traverses parts of two sections of land in Allen Parish, Louisiana. Kinder Canal Company, Inc., and Sun Oil Company were named as defendants. Sun Oil Company is the owner of an oil, gas and mineral lease affecting the property in dispute, and it filed an answer converting the suit into a concursus proceeding. Several other parties intervened or were impleaded.
David Crow, Trustee, and Irvin I. Muslow intervened demanding that they be recognized as owners of an overriding royalty interest affecting the tract of land which is the subject of this suit.
Prior to trial, the suit was compromised as to all of the property involved except the north half of that portion of the canal which traverses a part of one of the above mentioned sections of land. Judgment was rendered by the trial court decreeing plaintiffs and Kinder Canal Company and their assignees (all referred to here as "Houston Heirs") to be owners in fee of the property in dispute, and rejecting the claims of intervenors, David Crow, Trustee, Irvin I. Muslow and John I. Fossett, et al. Two of the intervenors, David Crow, Trustee, and Irvin I. Muslow, have appealed.
The sole question presented is whether an act of sale, dated December 27, 1901, from Melton B. McRill to John Petersime, appellants' ancestor-in-title, conveyed title to any part of the property underlying what is now known as the Kinder Canal.
The record shows that on July 14, 1899, McRill conveyed to Oscar E. Moore a right-of-way or servitude for a canal, running in a north-west and south-east direction, across the Northeast Quarter of Section 26, Township 6 South, Range 5 West of the Louisiana Meridian. A canal was constructed on and along that right-of-way, *628 and by later conveyances the canal servitude was transferred to Calcasieu River Irrigation Company and eventually to Kinder Canal Company, Inc.
The deed from McRill to Petersime, dated December 27, 1901, purports to convey to the purchaser two tracts of land, one of which is described as follows:
"Also all that portion of the North East quarter of Section Twenty six in Township No. Six South Range No. Five West, that lies North of the Calcasieu River Irrigation Co.'s Canal, containing 5 acres more or less."
It is apparent from this description that the property conveyed by that deed is a triangular shaped tract of land, being bounded on the north by the north line of Section 26, on the east by the east line of that section, and on the southwest by the canal.
Intervenors-appellants contend that by that deed their ancestor-in-title, Petersime, acquired title extending south and west to the center or thread of the canal, and that the southwest boundary of the triangular shaped tract acquired by him thus ran along the center of that canal. The Houston Heirs contend that the purchaser in that deed acquired title extending only to the north bank of the canal, and that the ownership of the bed or bottom of the entire canal remained vested in the seller, McRill, who is their ancestor-in-title.
The trial judge concluded that Petersime, the purchaser in the 1901 deed, did not acquire title to any part of the bottom of the canal by virtue of that transaction, but that instead his title extended only to the north bank of the canal. He rendered judgment, therefore, recognizing the Houston Heirs as owners, subject to certain mineral reservations and the above described canal servitude, of the following described property:
"Commencing at the point of intersection of north line of NE ¼ of NE ¼ of Section 26, Township 6 South, Range 5 West, Allen Parish, Louisiana, with the north line of the Kinder Canal Co. right-of-way; run thence in a southeasterly direction along the north line of the Kinder Canal Company right-of-way to the east line of the NE ¼ of the NE ¼ of Section 26, thence south to the center line of the Kinder Canal Company right-of-way, run thence in a northwesterly direction along the center or thread of the Kinder Canal to the north line of the NE ¼ of NE ¼ of Section 26, run thence east to point of beginning, containing 2.11 acres."
The Houston Heirs contend that the sale from McRill to Petersime was a sale "per aversionem," being a sale from one fixed boundary to another fixed boundary, and that under the provisions of LSA-C.C. arts. 854 and 2495 the purchaser acquired only the land between such bounds. They argue that Petersime thus acquired only the property between the north bank of the canal and the north and east section lines of Section 26. They take the position that he acquired no part of the bed or bottom of the canal.
Intervenors-appellants concede that Petersime's title would have extended only to the north bank of the canal, if the 1901 sale in fact should be determined to be a sale per aversionem. They contend, however, that it was not such a sale, and that the cited articles of the Civil Code thus are not applicable. Their principle argument is that a sale can be held to be "per aversionem," and articles 854 and 2495 of the Civil Code can be applied, only where the land is described as extending from one visible boundary to another visible boundary, and where it was the intention of the parties to sell within visible enclosures. They contend that the sale from McRill to Petersime was not a sale per aversionem because only one of the three boundaries, the canal, was visible. They argue that the north and east boundaries of the property therein conveyed, being designated only as section lines, are not visible, that they cannot be regarded as being "fixed boundaries" within the meaning of LSA-C.C. *629 art. 854, and that the sale thus is not one per aversionem.
A sale per aversionem is a sale of either a distinct or separate immovable, such as a field enclosed or an island in a river, or an immovable property sold by certain bounds or limits. Innis v. McCrummin, 12 Mart.(O.S.) 425 (1822); Fiske v. Fleming's Syndic, 15 La. 202 (1840); and Harries v. Harang, 23 So.2d 786 (La.App. 1 Cir. 1945).
The sale from McRill to Petersime is not of a distinct or separate immovable. The important question presented here, however, is whether it is a sale of immovable property by certain bounds or limits. If it is such a sale, the vendee receives all of the land embraced within those limits, and nothing more. State Through Department of Highways v. Tucker, 247 La. 188, 170 So.2d 371 (1965); Carlisle v. Graves, 64 So.2d 456 (La.App. 2 Cir. 1953); Prejean v. Giroir, 19 La. 422 (1841); Gormley v. Oakey, 7 La. 452 (1934); LSA-C.C. arts. 854 and 2495. A sale by fixed boundaries is a sale per aversionem even though measurements or quantities are also given. Passera v. City of New Orleans, 167 La. 199, 118 So. 887 (1928); Hulin v. Hale, 137 So.2d 709 (La.App. 3 Cir. 1962); Schexnayder v. Duhon, 163 So.2d 393 (La.App. 3 Cir. 1964).
The rationale of these cases relating to sales per aversionem is that in such sales it is presumed that both the vendor and the vendee intended to contract with reference to the boundaries, rather than with reference to quantity or length or depth. Innis v. McCrummin, supra; Fiske v. Fleming's Syndic, supra; Prejean v. Giroir, supra.
In Motichek v. Perriloux, 231 La. 849, 93 So.2d 190 (1957), the property conveyed was described as being six acres of land in a designated section, being "bounded on the North by Fifty foot road, South and West by Section lines of Section 14, and 44, East by Lot of John Thomas, or balance of Lot 16." Of this description our Supreme Court said:
". . . it is a sale per aversionem, or between fixed boundaries, even though it specifies that six acres of land are conveyed. The description in this deed sets forth that the six acres of land conveyed are `bounded on the North by Fifty foot road, South and West by Section lines of Section 14 and 44, East by Lot of John Thomas, or balance of Lot 16.' This clearly evinces the intention of the vendor to convey all of the property owned by him within the given boundaries and, therefore, falls within the provisions of Article 854 of the Civil Code. . . ."
In Blevins v. Manufacturers Record Publishing Company, 235 La. 708, 105 So. 2d 392 (1958), the same court held a sale to be one "per aversionem" where the property conveyed was described as follows:
"That portion of lot or Fractional section 40 lying West of the sectoin line between Sections seven (7) and eight (8) above, produced and a line drawn West from a point on the center line of the Morgan's Louisiana & Texas R.R. Co., said point being 600 feet North of the intersection of said Railroad with Bayou Saut D'Ours . . . . and containing four hundred and forty-two (442) acres, more or less. . . ."
Other cases indicating that the designation of a section line as the boundary of immovable property being conveyed is sufficient to constitute a "fixed boundary," within the meaning of LSA-C.C. art. 854, are Randolph v. Sentilles, 110 La. 419, 34 So. 587 (1903); and Dwyer v. Smith, 10 La.App. 506, 121 So. 341 (2 Cir. 1929).
The case of Phelps v. Wilson, 16 La. 185 (1840), cited by intervenors, is not applicable here. In that case the purchaser intended to purchase exactly 89.50 acres of land, whereas a survey indicated that he *630 received only 64.15 acres. The court apparently felt that the parties intended to convey a specified quantity of land, rather than all of the property between fixed boundaries, and that the sale thus was not one per aversionem.
Our conclusion is that the description contained in the deed from McRill to Petersime, reciting in effect that the property is bounded on the north and east by section lines and on the southwest by a canal, is sufficient to constitute a sale from "one fixed boundary to another fixed boundary," and that the provisions of Articles 854 and 2495 of the Louisiana Civil Code thus apply. We find that it is not essential that the boundaries designated in the deed be "visible" in order for the sale to be one per aversionem. To constitute such a sale it is only necessary that the property be identified as being from one "fixed boundary" to another "fixed boundary," and that it was the intent of the parties to convey the land between those boundaries. We think a description showed a section line as a boundary, whether its location is or is not marked by visible monuments, must be construed as showing a fixed boundary.
Intervenors-appellants contend further that a riparian proprietor owns the bank and bed of a non-navigable natural stream, to the center or thread of that stream. Amite Gravel & Sand Company v. Roseland Gravel Co., 148 La. 704, 87 So. 718 (1921); Wemple v. Eastham, 150 La. 247, 90 So. 637 (1922); Bodcaw Lumber Company of Louisiana, Inc. v. Kendall, 161 La. 337, 108 So. 664 (1926); and Begnaud v. Grubb & Hawkins, et al., 209 La. 826, 25 So.2d 606 (1946). They argue that the same rules should be applied to a non-navigable canal as are applied to natural streams, and that in the instant suit the title acquired by Petersime in 1901 should be held to extend southward to the thread or center of the Kinder Canal.
We have considered this additional argument, although it is now irrelevant in view of our conclusion that the sale from McRill to Petersime was one per aversionem, and that the purchaser thus acquired only the land between the fixed boundaries described in that instrument.
We are not convinced that the rules applied in the above cited cases relating to non-navigable natural streams should be applied to canals, especially when the canals were constructed on servitudes granted for that purpose. We feel that a closer analogy can be drawn between a right-of-way or servitude granted for a canal and one granted for constructing a road or a railroad.
In State Through Department of Highways v. Tucker, supra, the intervenors had acquired title to a tract of land described as being bounded on one side by a railroad right-of-way. Our Supreme Court, applying articles 854 and 2495 of the Civil Code, found that the purchasers in such a sale acquired only the land included within the designated boundaries, and that they did not acquire title to any part of the railroad right-of-way.
The Court of Appeal, First Circuit, held in Chiasson v. Duplechain, 56 So.2d 615 (La.App. 1 Cir. 1952), that tracts of land described in an act of partition as "lying south of the railroad," and as "being bounded on the north and east by M. L. & T. R.R.," did not include any part of the railroad rights-or-way.
In Levraea v. Boudreaux, 259 So.2d 642 (La.App. 1 Cir. 1972), the property involved was described in part as being "bounded on the north by the Gonzales-St. Amant Blacktopped Highway." The court held that under that description "The northern boundary of the property sold was bounded by the southern right-of-way line of the Gonzales-St. Amant Blacktopped Highway."
We think the rules applied in the above cases relating to roads or railroads should be applied to the canal involved in the instant suit.
*631 We have considered Act 555 of 1956 (LSA-R.S. 9:2971-2973), providing that it shall be conclusively presumed that a transfer of land described as fronting on a canal shall be construed to include all of the grantor's interest in the bed of said canal, up to the center of it. In State Through Department of Highways v. Tucker, supra, however, our Supreme Court held that that statute cannot be applied retroactively. The deed from McRill to Petersime was executed long before Act 555 of 1956 was enacted, and that act thus is not applicable here.
Our ultimate conclusion is that the deed from McRill to Petersime, dated December 27, 1901, did not convey to the purchaser any part of the bed of the canal which is now known as the Kinder Canal, but that the south and west line of the property therein conveyed ran along the north bank of that canal. Since intervenors-appellants claim title to a part of the bed of the canal through their ancestor-in-title, Petersime, the trial judge correctly held that they failed to establish their ownership of overriding royalties affecting the bed or bottom of that canal.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to intervenors-appellants.
Affirmed.