GROVER L. COVINGTON, Chief Judge.
Plaintiffs, John A. Shelton and Pamela Goudeau Shelton, sued their vendor, Gary E. Varnado, over the sale of a lot in the *825 Sharee Place Subdivision in Livingston Parish, Louisiana. The plaintiffs claimed that the quantity of the lot they purchased was 2.1 acres rather than the 3 acres called for in the deed. The trial court, after hearing the evidence, rendered judgment in favor of the plaintiffs in the amount of $5,400. This judgment was based on evidence that the quantity of land contained in the subject lot had been reduced from 3 acres to 2.1 acres by a boundary agreement entered into by the vendor with an adjacent lot owner; that the price agreed upon was $6,000 per acre; and that under LSA-C.C. article 2494, the vendees were entitled to a reduction in the price in the sum of $5,400. The vendor has appealed. We affirm.
We find that Article 2494[1] of the Civil Code governs the situation at bar, and that the trial judge properly reduced the purchase price to the vendees. The quantity of land was deficient in the measure by one-twentieth part or more. Since a shortage of more than one-twentieth in area exists, a reduction in the price for the full deficiency is allowed. McVea v. Vance & Logan, 110 La. 998, 35 So. 262 (1903).
For the reasons set out above, the judgment is affirmed at appellant’s costs.
AFFIRMED.

. LSA-C.C. art. 2494 provides:
In all other cases, whether the sale be of a certain and limited body, or of distinct and separate objects, whether it first set forth the measure, or the designation of the object, followed by its measure, the expression of the measure gives no room to any supplement of price, in favor of the seller, for the overplus of the measure; neither can the purchaser claim a diminution of the price on a deficiency of the measure, unless the real measure comes short of that expressed in the contract, by one-twentieth part, regard being had to the totality of the objects sold; provided there be no stipulation to the contrary.