Eastern Dist.
*December*, 1834.

GORMLEY ET AL.
*vs.*
OAKEY ET ALS.

# GORMLEY ET AL. *vs.* OAKEY ET ALS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In a sale *per aversionem*, with reference to known definite boundaries, they will control the enumeration of quantity, and the purchaser is not entitled to a diminution of price, proportioned to a diminution of quantity.

So where a sale is made, with reference to a natural boundary on one side, and on the other two sides by lands of the adjoining proprietors, and the length of all the lines are given, *on a plan* annexed to the conveyance, and the whole is sold for a gross sum : *Held*, that it is a sale *per aversionem*, and the purchaser bought whatever is embraced within those limits, and nothing more, although *less* than the quantity specified as sold in the act of sale.

The vendor, when called in warranty, in a sale *per aversionem*, is not bound to make good the quantity of land, specified in the act of sale, but only the extent and quantity contained within the defined limits, by which he sold.

The vendor is not bound to warrant what he never sold; and when the vendee has not been evicted of any part of the land sold, which was conveyed by certain definite boundaries, he cannot recover of his warrantor, although the quantity actually sold, was less than that set forth in the deed.

This was originally an action of boundary, but under the pleadings, presents mixed questions of title, boundary and recourse in warranty.

The plaintiffs, William Gormley and John F. Miller, allége, they are the owners of a tract of land, in the parish of Jefferson, having three arpents, less two toises, front on Bayou des Cannes, the two lateral lines running back until they intersect, so as to contain ninety-two arpents and three hundred toises, superficial measure, which William Gormley purchased from Louis Foucher, by notarial act, the 2d of April, 1828, and which the latter obtained from Roffignac

and the executor of Cevallos, who purchased it from the

Nuns, in the suburb Religieuses, by public act, dated August 9, 1810, "to whom it was confirmed by the government of the United States, with the dimensions aforesaid, according to a plan recorded in the land office, by which plan the Nuns sold to Roffignac and Cevallos, and by which they sold to Foucher, who by the same plan sold to Gormley."

The petitioners further allege, that S. W. Oakey bought a tract of land, adjoining their lower line, from Trudeau & Livaudais, and claims about forty arpents of their land, pretending that his upper line runs so as to meet their upper line, at forty-two instead of sixty-six arpents from his front. They pray that Oakey be cited, and the boundary line between them fixed by a judgment, so that Oakey's line meet their upper line, at the distance of sixty-six arpents, and give them the forty superficial arpents in dispute; and that Foucher be called in warranty, to make good to them the ninety-two arpents and three hundred toises, according to their original purchase from him, in case they fail in recovering the forty arpents in contest, from Oakey.

*Foucher* pleaded a general denial, admitted the sale to Gormley, and averred, that the plaintiffs have ever since been in possession of all the property he sold and conveyed, in said sale. He calls Roffignac and Cevallos, his vendors, in warranty.

*Roffignac* appeared, and pleaded the general issue, and prescription.

*Oakey* averred, he claimed no more land than his titles called for, and was willing to settle the boundary line between him and the plaintiffs, according to his titles, and at their costs. He calls Trudeau and Livaudais, his vendors, in warranty.

*Livaudais* pleaded the general issue, and prescription.

Upon these pleadings the parties went to trial. The respective titles were produced in evidence, and the testimony of surveyors and other witnesses, to prove the boundaries, as they had been surveyed from time to time. The

CASES IN THE SUPREME COURT

evidence is fully set forth, in the view taken of it by the court.

The district judge after examining the evidence, came to the conclusion, that this is a disguised action, for diminution of price, by reason of a defect of quantity; that the plaintiffs have not been evicted of any thing, of which they were ever in possession; that the land purchased, was designated by the adjoining tenements, and sold from boundary to boundary; and the plaintiffs cannot recover more than is contained within the designated limits. Judgment was rendered, directing the boundary line to be run, according to the plan of Lafon, made in 1810, by which the premises were sold. The plaintiffs appealed.

*Preston*, for the plaintiffs.

1. The Nuns and Livaudais, established the boundary between them, and the courses of the lateral lines, of the part sold to Livaudais, which lines are demonstrated by the testimony of witnesses, (surveyors,) with mathematical certainty, to meet at ninety-two arpents from the river, or sixty-six beyond *Bayou des Cannes*, which gives the plaintiffs the quantity they claim.

2. The plaintiffs' vendor, Foucher, possessed and cultivated this tract, and had it confirmed to him by the sovereign authority of the United States government, for the quantity we purchased, and now claim as his vendees.

3. It is proved, the defendants have been in possession of a *fine* angle, for fifteen or twenty-five arpents in depth, of the land we claim. We care not for this, if they show they possessed it thirty years.

4. We claim forty arpents, to protect which, we want the boundary line run. It is swamp land, has been in the actual possession of no body, but has been constructively in our possession, according to the lines and courses given in Trudeau's survey, in 1780, and by Lafon in 1810, by the confirmation to Foucher, and all the sales afterwards.

5. The plaintiffs ask the court to fix the boundary between the parties, who both hold under a common vendor,

according to the boundary, courses and plan of Trudeau, in 1780.

*Hennen*, on the same side.

*Peirce*, *Dennis* and *Soulé*, contra.

*Bullard, J.*, delivered the opinion of the court.

The plaintiffs allege, that they are owners, by purchase from Louis Foucher, of a tract of land, having a front on the Bayou des Cannes, of three arpents, less two toises, and running back until the two lateral lines come to a point, containing ninety-two arpents and three hundred toises, in superficies; that the defendant Oakey, is the proprietor of the tract adjoining the above, and sets up title to about forty arpents of their land, pretending that his upper line should run so, as to touch the land of the plaintiffs, at the distance of forty-two arpents from the front, instead of sixty-six arpents, which is the true depth of their tract, according to the original titles. They pray, that he may be cited, and that a boundary line may be judicially established, between their respective lands, in such a manner, as to give the plaintiffs a depth of sixty-six arpents, and that the forty superficial arpents claimed, may be decreed to be their property. They further pray, that their vendor, Foucher, may be made a party, and that if judgment should be rendered, in favor of the defendant Oakey, they may have judgment in warranty, for twenty thousand dollars.

The defendant, Oakey, denies that he has ever claimed more land than he is entitled to, avows his readiness to establish a boundary, provided it be at the costs of the plaintiffs, and sets up title to the land claimed by him, in the neighborhood of the plaintiffs, under a sale from Livaudais & Trudeau, whom he cites in warranty.

L. Foucher, the vendor of the plaintiffs, thus cited in warranty, denies their right of action against him, and alleges, that the plaintiffs are in possession of all the land, which he sold them, and that if they ever had any right of

action against him, for a deficiency of quantity, which he denies, it is prescribed. In his turn, he calls in his vendor and warrantor, J. Roffignac, who answers by a general denial.

This state of the pleadings, presents for the consideration of the court, mixed questions of title, boundary and recourse in warranty. The rights of the plaintiffs, as well in relation to the defendant Oakey, as to their warrantor, depend upon the true construction and legal effect of the sale, from Foucher to Gormley, on the 2d of April, 1828, and of the certificate of confirmation, on the part of the United States. We come, therefore, at once, to the examination of those two evidences of title, as forming the basis of the pretensions of the plaintiffs, to the *locus in quo.*

The act of sale declares, that Foucher sells to Gormley, " all that tract or parcel of land, situated, lying and being in the suburb Religieuses, about one mile above this city, and on the same side of the river, as per plan hereunto annexed, and signed *ne varietur*, by the said contracting parties, and me notary, measuring three arpents, less two toises, front on the Bayou des Cannes, and running back from said Bayou, about forty-two arpents, more or less, and until the two lateral lines come to a point, and touch each other, the whole composing about ninety-two arpents three hundred toises, more or less, superficial measure; bounded on one side by property heretofore owned by Pierre Rousseau, deceased, and on the other side by property, owned at present, or heretofore owned by J. E. Livaudais," &c. The price is declared to be ten thousand dollars, payable by instalments, and the vendor declares, that he purchased the same tract from Joseph Roffignac, and the executors of Ciriaco de Cevallos, by act passed before Michel de Armas, notary public, on the 17th June, 1816.

The plan referred to in the act, and identified with it, by the signature of the parties, and the paraph of the notary, represents the premises as forming a triangle, with a base of eighty-eight toises and one foot, or one-sixth, on the Bayou des Cannes, equal to three arpents, less one toise and five-

sixths, one foot more than the deed calls for, and one of the side lines, which divides the tract from the land of veuve Parvis, as measuring eleven hundred and nineteen toises, from the base near the Bayou, and nineteen hundred toises, from a point not given, but presumed to be the river.

The other line is represented as twenty-three toises shorter. The certificate of the surveyor, does not express the superficial contents, but on the face of the plan it is stated to be ninety-two arpents and three hundred toises, and the sale in question, describes it as a tract of that extent. It is manifestly impossible it can contain that quantity, according to the limits and measurements furnished by the deed itself, and the certficate of the surveyor. This error can be accounted for only, by supposing that the surveyor multiplied the whole depth of nineteen hundred toises by one half the base on the Bayou des Cannes, instead of taking the true length of the side line from the base.

This sale appears to the court, clearly one *per aversionem*. This court has had frequently occasion to consider the principles which govern sales of that character, and it has been settled in several cases, that where a sale is made with reference to known and definite boundaries, they will control the enumeration of quantity. *Cuny* vs. *Archinard*, 5 *Martin*, *N. S.* 238. *Johnston* vs. *Quarles*,.3 *La. Reports*, 91. *Brand* vs. *Daunoy*, 8 *Martin*, *N. S.* 160.

In the case now before the court, the sale is made with reference to a natural boundary on one side, and on the two other sides by lands of the adjoining proprietors, and the length of all the lines of the triangle, are given in the plan annexed to the conveyance, and the whole is sold for a gross sum. The plaintiffs purchased whatever is embraced within those limits, and nothing more.

But the plaintiffs contend, that they have a certificate of confirmation, by the U. States, of their title, to the whole extent of ninety-two arpents and three hundred toises, and that being a title derived immediately from the sovereign, entitles them to recover that extent of land. It is true, the certificate in favor of Louis Foucher, describes the tract of land confirmed

In a sale *per aversionem* with reference to known definite boundaries, they will control the enumeration of quantity, and the purchaser is not entitled to a diminution of price proportioned to a diminution of quantity.
So where a sale is made with reference to a natural boundary on one side, and on the other two sides by lands of the adjoining proprietors, and the length of all the lines are given on *a plan* annexed to the conveyance, and the whole is sold for a gross sum: *Held*, that it is a sale *per aversionem*, and the purchaser bought whatever is embraced within those limits and nothing more, although *less* than the quantity specified as sold in the act of sale.

58

to him, as one of ninety-two arpents and three hundred toises, having a definite front on the Bayou des Cannes, with side lines converging to a point, without giving the length of those side lines. Taken by itself, it might be considered an abandonment of title on the part of the United States, to the superficial quantity expressed, and, as against the government, authorise an extension of the side lines, to such an extent as, with the definite front given on the Bayou des Cannes, would include that superficies. But as relates to the defendants, it may be answered : 1. That the plaintiffs in their petition allege, that the confirmation in question, was made with reference to the same plan by which the Nuns sold to Roffignac and Cevallos, and by which they sold to Foucher, and the last to Gormley. 2. That in the conveyance to Gormley, no reference is made to this certificate of confirmation, and if it really gave him, Foucher, the whole extent of ninety-two arpents and three hundred toises, yet he has never sold it to the plaintiffs. 3. The title to the whole of the Nuns' plantation, had been previously confirmed by the commissioners, and it is represented, as having a depth of only sixty-six arpents from the river, and yet, if the construction contended for by the plaintiffs be adopted, the same commissioners confirm, as a part of the same tract, a narrow strip, extending to, the distance of about ninety arpents from the river.

*The vendor, when called in warranty, in a sale per aversionem, is not bound to make good the quantity of land specified in the act of sale, but only the extent and quantity contained within defined limits, by which he sold.*

*The vendor is not bound to warrant what he never sold; and when the vendee has not been evicted of any part of the land sold, which was conveyed by certain definite boundaries, he cannot recover of his warrantor, although the quantity actually sold was less than that set forth in the deed.*

On this part of the case, the court is, therefore, of opinion, that the plaintiffs have not shown title in themselves, to any land not embraced in the boundaries referred to in the act of sale, by Foucher to Gormley, and consequently cannot recover the forty arpents in controversy.

The remaining question, between the plaintiffs and their vendor in warranty, depends mainly on the principles already settled. The vendor is not bound to warrant what he never sold ; and the plaintiffs have not been evicted of any part of the land which, according to our construction of the contract, was sold and conveyed to them, as within definite boundaries. It is true, it was declared in the deed, that the tract contained ninety-two arpents and three hundred toises, and there is a

deficiency of about forty arpents.   In a case of such manifest <span>EASTERN DIST.</span> error, an error which appears to have been common to all the <span>December, 1834.</span> parties, we are not prepared to say that the plaintiffs would <span>GORMLEY ET AL.</span> not be entitled to any relief.   But the only question now <span>vs.<br>OAKEY ET ALS.</span> before the court, is one of warranty, and the liabilities of the vendor, as warrantor, must be measured by the contract of sale.   Whether the purchasers, in a case like the present, would be entitled to a rescission of the sale, on the ground of error or fraud, is a question which the pleadings do not present for our solution.   Whether the demand against Foucher, in the present action, be regarded as one for a diminution of price, on the ground of deficiency in the measure, or as a recourse in warranty, we are of opinion that he is not liable.   Article 2471, of the Louisiana Code, declares that " there can be neither increase nor diminution of price, on account of disagreement in measure, when the object is designated by the adjoining tenements, and sold from boundary to boundary."

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.