### Elizabeth Mendez et al. v. Baptiste Dugart.

Where a road, once dedicated to public use, has since ceased to be used for public purposes, and is not required by front proprietors thereon, its soil reverts to the owners.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
*C. Dufour* for defendant and appellant.

*D. Augustin for plaintiffs.*—The heirs, Dumas and Elizabeth Mendez, claim the soil of Highland road as their property, on the ground that the defendant and appellant has, by his own act, rendered useless and impracticable the servitude of passage through the said land by fencing it up and inclosing the same. C. C. Art. 780.

Servitudes are extinguished when they can no longer be used.

The soil of the road is returned to the owner as it ceases to be applied to some public purpose. C. C. Art. 474, 449.

Grantor reserved the fee in the soil. United States Digest, 1858, p. 180, § 152.

The public have the right to perfect and maintain their right of free passage, but beyond this, the rights of the owner of the soil remain unimpaired. United States Digest of Decisions, vol. 10, p. 639, § 9.

Where a private way over land of the plaintiff has been used for a long period by defendant, but has become unnecessary to him as a way, and he has obstructed it, the easement is relinquished. U. S. Digest, vol. 8, p. 589, § 77.

Places left vacant on the plan of a town are not considered as dedicated in consequence of that fact alone. Hennen's Digest, p. 1587, § 12; 7 Annual, 499, *Xiques* v. *Bujac.*

Those only can accept a dedication who are clothed with the authority of the sovereign. 7 An. 270.

To be perpetual, servitudes must be so expressed in the title. C. C. Art. 715.

Donation must be made by authentic act. C. C. 1523.

It is binding only when accepted and notified. C. C. 1527.

The soil of the road belongs to the original owner, and reverts to him when it ceases to be applied to a public purpose. C. C. 474, § 2; C. C. 654, 780, 723.

"The roads old and new, in this State, are generally what are denominated in the Code, public roads; hence, it by no means follows, because a road is a public road, that the public has any right to the soil after it has been abandoned." *Hatch* v. *Arnault*, 3 An. 482.

This Highland road never figured upon any city plan adopted by the city council.

The plan of the city must show the destination and appropriation of lots to public uses and as public places, in order to imply a promise on the part of the original owner of the soil and founder of the city, that the lots shall always remain open for the use of the public. *De Armas* v. *The City of New Orleans*, 5 L. p. 132,

MENDEZ
v.
DUGART.

Servitudes are extinguished when they can no longer be used. C. C. Art. 780.

In the case of *Bernard Marigny* v. *Pontchartrain Railroad Company*, 15 An. p. 427, the Supreme Court has pointedly settled the doctrine as applicable to the present case: "That when a party entitled to a servitude has, by his own act, rendered that servitude impracticable, his right becomes extinguished and the transferrer is entitled to receive back the land free from the servitude created thereon."

The surveyor, D'Hémécourt, in his testimony says, "that since the opening of the streets in that vicinity, between Esplanade, Hospital, Barracks and Johnson streets, the streets so opened have cut up this Highland road in many places; and since the opening of these streets, this Highland road is of no possible use to persons living either on Bayou road or Esplanade street, or to the public at large.

It used to be a front passage, and by cutting it up and opening the streets, it became a rear passage."

It becomes self-evident that the appellant, by his own act of closing up this passage, on the whole extent of his lots, 183 feet and seven lines by 45 in breadth, has clearly demonstrated the inutility of the servitude of way established by Elizabeth Mendez and Thomas Dumas, which is further demonstrated by a similar course pursued by all the purchasers of lots on Highland road. Dorville says: "Where this Highland road stood is all built up and closed." This illegal conversion by the appellant, and his persistence therein, in spite of the letter delivered to him by the counsel for the appellees, in June, 1860, requiring him to remove the obstructions by him placed in that passage, constitutes a trespass for which the court below has mulcted the appellant in the very moderate amount of six dollars per month. A very poor retribution for such a flagrant violation of appellees' rights.

The title to the soil of the road was never relinquished by the appellees.

Abandonment of the title to land must be made in writing. 4 A. 172.

Where streets are laid out and dedicated to public use, they do not become public highways without being accepted as such by the proper authority. Putnam's U. S. Digest of Decisions, vol. 8, p. 589, § 74.

HOWELL, J. This is a petitory action, in which the plaintiffs, Elizabeth Mendez and the heirs of the late Thomas Dumas, claim the ownership of two tracts of land, forming a part of a piece of ground in the Second District of this city, styled the Highland road, running from Bayou road to Canal Carondelet, between Johnson and Galvez streets, of which two tracts, they allege, defendant has taken illegal possession; they allege, also, that said strip of ground was a part of a larger tract of land owned by their author and themselves, and was reserved as a road of ingress and egress to the said Canal Carondelet, and that they have never been divested of the legal ownership; that the lots sold to the author of defendant were sold to front on said Highland road; that, since the streets have been laid off in that vicinity by the city of New Orleans, said lots of defendant now front on Galvez street, making said Highland road no longer necessary as a passage, and that, consequently, the soil thereof is returned by law to them as owners.

MENDEZ<br>v.<br>DUGART.

The other plaintiffs, as heirs of the late Joseph Castanedo, claim a servitude of passage, granted in 1806 by the then owner.

The defendant pleads the general issue, denying that plaintiffs have any cause of action, and makes the following assignment of errors :

1. Those of the plaintiffs who claim by right of servitude are barred by prescription.

2. Those of said plaintiffs who claim ownership are shown by the evidence to have divested themselves of all such rights by making the road a *locus publicus.*

3. The plaintiffs have no interest to stand in judgment in the matters herein involved, and therefore cannot be heard.

We are of opinion that the heirs of Castanedo have not shown a right to stand in judgment as against defendant.

The other plaintiffs, Elizabeth Mendez and the heirs of Dumas, have introduced the original title to the tract of land, comprising within it this Highland road, and under the provisions of our law, and as the road has long since ceased to be used for public purposes, and is not required by the defendant and other purchasers fronting thereon, its soil reverts to them as owners. C. C. 474, 654. 3 A. 482.

The alleged dedication by the plaintiffs of this road, in selling lots fronting thereon, was not such as to divest them of the property in the soil so reserved.

The defendant evidently has no right to the ground in question, his title showing that he bought lots fronting on said road ; and, as to him, the plaintiffs have shown a good and sufficient title to the property.

We think, however, the district judge erred in decreeing a title to the defendant upon paying a certain sum. The ends of justice will be met in decreeing the plaintiffs to be the owners and entitled to the possession of said land, reserving all other rights for further adjustment.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided and reversed, and that plaintiffs, Elizabeth Mendez and the heirs of Thomas Dumas, be decreed to be the owners of the property described in their petition and known as the Highland road; and that they be put in possession thereof. It is is further ordered, that the defendant, Baptiste Dougart, remove the fences and improvements thereon within thirty days from the maturity of this judgment, or, in default thereof, that plaintiffs have them removed at his cost. It is further ordered that the rights of servitude, of rent and of damages, be reserved to the parties annually; and it is finally ordered, that the costs of the lower court be paid by the defendant, and the costs of appeal be paid by the plaintiffs and appellees.