LUCIEN C. BERTRAND, Jr. Judge Pro Tem.
Plaintiffs, Dorothy Duplechain Dunbar, George Duplechain, Jr., J.C. Edward Duple-chain, Jesse Willard Duplechain, Johnny Ray Duplechain, Donna Marie Duplechain Robin, Susan Duplechain Ryder, Gwendolyn Ann Duplechain Hadley and Juliette Duplechain Valin, filed this petitory action against defendants, Joseph Nolan Benoit, Clovis Benoit, Jr., Carrie Deville Benoit and Mary Lou Soileau Benoit, seeking to establish their ownership of a certain 10 acre tract of land located in the Parish of St. Landry. The Trial Court awarded judgment in favor of the defendants and plaintiffs have appealed. It is undisputed, and, in fact, is admitted by plaintiffs, that the tract in question is currently in the possession of the defendants.
Plaintiffs claim that the 10 acre tract in question was included in a larger 20 acre parcel received by John Angelle, Sr. in a May 10, 1948 partition of community property between him and his wife Josephine Stelly Angelle. Plaintiffs contend that this entire parcel which included the 10 acre tract, was sold to several individuals until Delmas Barron sold the 20 acre tract on October 15,1955 to George Duplechain, Sr., petitioners’ ancestor in title. Plaintiffs claim ownership through this unbroken chain from John Angelle, Sr. to George Duplechain, Sr.
The 10 acre tract was the subject of a 1962 sale from John Angelle and Josephine Angelle to Clovis Benoit, defendants’ ancestor in title. Defendants contend that the 1948 partition agreement between John Angelle and his wife did not include the disputed 10 acre tract and that they acquired ownership of it in the 1962 sale.
John Angelle acquired the title to a 80.48 acre tract, which contains the disputed 10 acre portion, from the Nessen Company on September 1, 1943. The property acquired is described in the deed as follows:
“A certain tract of cutover woodland, more particularly described as the South Half (SV2) of the Northeast Quarter (NEVd of Section Twenty (20), Township Five (5) South, Range Six (6) East, in St. Landry Parish, La., containing a gross area of Eighty & 48/100 (80.48) acres, or a net area of Fifty Five & 72/100 (55.72) acres, be they more or less, after deducting the rights-of-way of (1) Texas & Pacific Railroad, (2) The west Atchafalaya Spillway guide levee and canal, (3) The Le-Beau-Krotz Springs State Highway, now known as U.S. Highway No. 71, and (4) The right-of-way granted on December 16, 1933, by J.O. Nessen Lumber Co. to the Parish of St. Landry, La., for the construction of a public road adjacent to and on the south side of said Texas & Pacific Railroad right-of-way.”
The 10 acre tract, in dispute, is on the western-most side of the original 80.48 acre tract, and is separated from the main tract by a canal and by the West Atchafalaya Spillway Levee.
The 10 acre tract falls west of the West Atchafalaya Spillway Guide Levee and is subject to the levee right-of-way.
On May 10, 1948 Angelle and his wife, Josephine Stelley Angelle, were judicially separated and a partition of community property was executed that same day. John Angelle received the following property in the partition:
“A certain tract of land with all the buildings and improvements thereon, containing a net area of exactly twenty (20) acres exclusive of all the above mentioned rights-of-way, situated on both sides of the Texas and Pacific Railroad branch line between Opelousas and Melville, and being the western twenty (20) acres of said larger tract of land herein-above firstly described. The eastern *343 boundary line of said 20 acre tract is parallel to the section line between Sections 20 and 21, [T5 South, Range 6 East], and that such distance west of said section and east of the western boundary line of said (20) acre tract that said tract herein allotted to John Angelle will measure and contain exactly twenty (20) acres exclusive of the aforesaid rights-of-way.”
Mrs. Angelle received the following property:
“ all of the balance of said property hereinabove firstly described and containing a net area of 35.72 ... acres, being the eastern portion of said tract.”
This partition was prepared by Leon Haas, Jr. who testified at the trial on the merits.
On March 29, 1949 John Angelle sold the 20 acre tract described above to Sidney Prejean with the title deed reciting the identical description of the property as was contained in the partition.
On October 10,1952, Sidney Prejean sold the 20 acre tract to Clovis Benoit (defendants’ father). The description of the property contained in this deed differed from the previous descriptions in that the boundaries of the tract were shown as:
“ ... said tract herein sold being bounded north and south by property of Joe Elder and assigns, formerly J.O. Nessen Lumber Company, east by property of Josephine Stelley Angelle, and west by West Atchafalaya Spillway Levee right-of-way.”
The deed also recites that it is the same property acquired by John Angelle in the partition, and further, that the vendor transfers to the vendee, “without guarantee of title and without right of the purchaser to claim any portion of the purchase price herein paid, all such rights, title, claim, ownership, interest and demand which vendor herein may have or claim in and to said abandoned railroad right-of-way hereinafter referred to.” Once again, Leon S. Haas, Jr. was the notary for the transaction.
Thereafter on January 28, 1953, Clovis Benoit sold the above described 20 acre tract to Delmas Barron. Delmas Barron sold the 20 acre tract on October 15, 1955 to George Duplechain, Sr., petitioners’ ancestor in title. In both of these sales the property description is identical to that of the Prejean-Benoit sale. The notary for both transactions was, once again, Leon S. Haas, Jr.
Finally, on October 19, 1962 John An-gelle and Josephine Stelley Angelle sold to Clovis Benoit a tract of land which, by its description, included the 10 acre tract in dispute.
The act contained additional language to the effect that the Angelíes transferred, “all the rights, title, and interest of the vendor’s herein in and to the remaining portion of the south half of the northeast quarter of Section 20, T-5-S, R-6-E, which is subject to rights-of-way, and which remaining portion has not been sold by vendors herein.” Leon Haas prepared this document which was later notarized by Samuel Dickens from Baton Rouge.
Following the trial of this matter the lower court determined that petitioners did not have title to this disputed 10 acre tract and dismissed petitioners’ suit. We affirm.
The issues before this Court are as follows:
1. Who is the record owner of the 10 acre tract in question?
2. If the defendants are not the record owners of the property in question, have they acquired ownership by ten year acquisitive prescription?
Article 3651 of the Code of Civil Procedure defines a petitory action as:
“The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff’s ownership.”
The burden of proof in such an action is described in Louisiana Civil Code Article *344 531, and Louisiana Code of Civil Procedure Article 3653. Article 531 states:
“One who claims the ownership of an immovable against another in possession must prove he has acquired ownership from a previous owner or by acquisitive prescription. If neither party is in possession, he need only prove a better title.”
Article 3653 states:
“To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action shall:
(1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof. When the titles of the parties are traced to a common author, he is presumed to be the previous owner.”
Article 532 of the Louisiana Civil Code states:
“When the titles of the parties are traced to a common author, he is presumed to be the previous owner.”
At the trial of this matter counsel for both plaintiff and defendant stipulated that both petitioners’ and defendants’ title could be traced to a common author, John and Josephine Angelle. As a result, the common authors, Mr. and Mrs. Angelle were presumed to be the previous owners.
Appellants’ argument makes much about the fact that they have the more ancient title to the property and that they have therefore proven better title. What this argument overlooks is that the trial court correctly concluded that they were not the record owners and therefore did not carry their burden as defined in LSA-C. C.P. Art. 3653(1). In deciding so the trial court, among other things, concluded that:
(1) the instrument evidencing the An-gelle partition and the subsequent history of the chain of title established that the partition did not include the disputed tract, thus the petitioners did not acquire title to this property from Delmas Barron;
(2) even if the Angelle partition included the tract, the sale from Sidney Prejear to Clovis Benoit specifically excluded the disputed tract.
In examining the partition agreement between Mr. and Mrs. Angelle the question arises as to whether the document is trans-lative of ownership of the rights-of-way to John Angelle. “The reservation of a ‘right-of-way’ for a canal or public road may constitute the reservation of either the fee title or of a servitude. Whether the one or the other is meant in a particular instrument must be gathered from a consideration of the instrument as a whole.” Sohio Petroleum Company v. Hebert, 146 So.2d 530 (La.App. 3d Cir.1962), writ refused, 149 So.2d 763 (La.1963).
From the language in the instrument it would appear that the instrument is not translative of ownership. John Angelle obtained a tract of land with a net area of 20 acres, exclusive of rights-of-way, and situated on both sides of the Texas and Pacific Railroad line. The language is clear that the tract is on either side of and not on the railroad line or that it includes the railroad line. There is also language to the effect that the tract was “the western 20 acres of said larger tract of land hereinabove described.” The western-most 20 acres of the property were subject to a right-of-way. This would indicate Mr. Angelle was to receive 20 acres beginning at a point where the rights-of-way end.
Leon Haas, Jr. drew up and notarized the partition for the Angelíes. He also handled the subsequent transactions dealing with the property. Mr. Haas testified that he was approached in 1962 by Mr. Angelle about selling the disputed tract of land. At that time Mr. Angelle stated he was still the owner of the property and that he wished to sell it to Clovis Benoit. This testimony of Mr. Haas given much weight by the trial court, would evidence an intention on the part of the parties to the partition agreement not to include the disputed tract in the partition agreement.
*345 Based on the above interpretation of the partition agreement and in consideration of the extrinsic evidence offered, this Court determines that there was no manifest error in the conclusion of the trial court that the disputed 10 acre tract was not made part of the 1948 partition agreement between John and Josephine Angelle.
The trial court also found that, even if the partition had included the land in question, the sale from Sidney Prejean to Clovis Benoit specifically excluded the 10 acre tract. The Act of Sale not only describes the 20 acre tract as that received by Mr. Angelle in the partition but goes on to delineate the boundaries of that respective property. It has generally been held that a description of property by boundaries prevails. over a description referring to quantity or measurement. Adams v. Spillman, 290 So.2d 726 (La.App. 1st Cir.1974) writ denied, 293 So.2d 191 (La.1974); Cornish v. Kinder Canal Company, 263 La. 624, 268 So.2d 679 (1972); W.B. Thompson and Company v. McNair, 199 La. 918, 7 So.2d 184 (1942). The description states the land is bounded on the “west by the West At-chafalaya Spillway Levee right-of-way.” This is the same property description included in all the sales thereafter all the way through to plaintiffs’ ancestor in title. Plaintiff argues strenuously that the boundary is actually the western edge of the Western Atchafalaya Spillway Levee right-of-way which would include the disputed 10 acre tract. Defendant ably points out that the survey prepared by plaintiffs’ expert James Theriot indicates that the western-most right-of-way line is outside of the property originally acquired by John Angelle from the Nessen Company. Undoubtedly, the trial judge recognized the correctness of defendants’ position in determining that the sale from Sidney Prejean to Clovis Benoit definitely excluded the 10 acre tract.
Appellants contend further that LSA-R.S. 9:2971 applies to the sale between Sidney Prejean and Clovis Benoit. Due to the fact that the disputed tract is subject to the West Atchafalaya Spillway Levee right-of-way, appellants argue that this statute would allow Benoit to acquire the 10 acre tract in the 1952 Act of Sale. LSA-R.S. 9:2971 was enacted by Act 555 of 1956 and provides:
“It shall be conclusively presumed that any transfer, conveyance, surface lease, mineral lease, mortgage, or any other contract or grant affecting land described as fronting on or bounded by a waterway, canal, highway, road, street, alley, or other right-of-way, shall be held, deemed and construed to include of grantor’s interest in and under such waterway, canal, highway, road, street, alley, railroad, or other right-of-way, whatever that interest may be, in the absence of any express provision therein particularly excluding the same therefrom; ...”
In State, Through Department of Highways v. Tucker, 247 La. 188, 170 So.2d 371 (1964), however, our Supreme Court held that the statute cannot be applied retroactively. The deed from Prejean to Benoit was executed four (4) years before Act 555 of 1956 was enacted and thus that act is not applicable here.
Additionally, plaintiff’s expert, a registered land surveyor testified that there are exactly 20 acres between the eastern levee right-of-way and the line he calculated to be the eastern-most boundary line of the 20 acre tract acquired by Mr. Angelle in the partition.
Accordingly, we find that the 1952 sale from Sidney Prejean to Clovis Benoit excluded the land in question.
Plaintiffs allege in their petition that in the event they are unable to meet the requirements of LSA-C.C.P. Art. 3651 they have acquired the property through thirty (30) years acquisitive prescription. This prescription is allegedly based on the uninterrupted possession of their ancestors in title.
Ownership of immovable property under record title may be superceded by ownership acquired under prescriptive title. Under the general codal provisions on acquisitive prescription, a possessor lacking *346 good faith and/or just title may acquire prescriptive title to land by corporally possessing a tract for thirty (30) years with the intent to possess as owner. Such possession confers prescriptive title upon the possessor only when it is continuous, uninterrupted, peaceable, public, and unequivocal, and confers title only to such immovable property as is actually possessed. LSA-C.C. Arts. 3424, 3476, 3486, 3487, 3488. Such a title holder may attain the thirty (30) year possessary period by “tacking” on the possession of his ancestor in title. LSA-C.C. Arts. 3442. Possession is only transferable by universal title or particular title, and thus privity of contract or estate is an essential prerequisite to tacking. LSA-C.C. Art. 3441. Brown v. Wood, 451 So.2d 569 (La.App. 2d Cir.1984), writ denied, 452 So.2d 1176 (La.1984).
The Trial Court concluded that plaintiff's thirty (30) year prescription plea was without merit. The Court found, and we agree, there was insufficient evidence of tangible open possession for a continual thirty (30) year period. Additionally, the Trial Court correctly determined that there was a lack of privity as to the land in question in order to permit plaintiffs to tack on any possession of their ancestors in title.
Ultimately the Trial Court came to the conclusion that under either view, of the Angelle partition or the validity of the sale by the Angelíes to Clovis Benoit, plaintiff could not prove title such as required by the two situations described in Code of Civil Procedure Article 3653 and therefore, not entitled to the relief sought. We agree.
Plaintiffs have been unable to prove they acquired ownership of this particular tract of land from a previous owner nor prove better title than the defendant.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellants.
AFFIRMED.