J^PICKETT, Judge.
FACTS
This case is one of many arising from ownership disputes of certain roadbeds in the Scott Field area of Lafayette Parish.
In 1989, Hailwood Petroleum, Inc., (Hailwood) began searching for oil in the Scott Field. This search was quite successful and Hailwood began to produce oil. Lamson Petroleum (Lamson) researched the public records and found that certain roadbeds in the area covered by Hall-wood’s lease could be construed as not being owned by Hailwood’s lessors. Lam-son sought out those parties who they believed owned the roadbeds at issue and, in 1994, secured mineral leases from them retroactive to January 1, 1990. Lamson filed several petitory actions against Hall-wood and others to assert its claim of ownership and share in the proceeds of the production. This appeal involves one of those suits.
This suit involves a tract of land called the Albarado lease, which covers 1.67 acres. The Albarado family heirs executed this lease in favor of Lamson. Two separate sales are at issue before the court.
Jacques Albarado sold a 50 arpent tract to Alfred Martin in 1939. The west boundary of that tract is at issue. Lamson claims Albarado never sold the portion of that tract which lies under the roadbed and, therefore, Albarado’s heirs, and not Martin’s heirs, are the owners of the 1.24 acres at issue.
An 81 acre tract was sold to Asthma, Franci, and Frem Boustany from the succession of Jacques Albarado in 1950. The west boundary of that tract is also at issue. *598 Lamson claims the succession never sold that portion of the tract which lies under the roadbed and, therefore, the Albarado heirs, and not the Boustany heirs, are the owners of the 0.44 acre at issue.
| ¡¿Before trial, many of the original defendants settled with Lamson, including Hailwood. Remaining as defendants at the time of trial were several corporations and individuals. At trial, the court found that neither the Martin sale nor the Bous-tany sale included the roadbed. Lamson’s lessors were determined to be the rightful owners of the land and entitled to share in the revenues from the mineral leases. From this judgment, the following defendants have appealed: Union Oil Company of California, Petrocorp, Inc., Triton Oil and Gas Corporation, and Mildred and Johnny Jefcoat.
ASSIGNMENTS OF ERROR
The defendants-appellants allege five assignments of error, as follows:
1. The defendants’ peremptory exception of prescription or peremption filed in this matter should have been sustained under La.Code Civ.P. art. 3662(2).
2. The trial court erred in relying upon the rule of Tucker and its conclusion regarding the vendors’ knowledge regarding their ownership, in interpreting deeds, instead of attempting to determine the true intent of the parties utilizing the rules of construction available to it, including due consideration of instruments referenced in the deeds and due consideration of instruments referenced in the deeds and due consideration of the obligations of warranty and public policy expressed by Act 555 of 1956 (La.R.S.9:2971).
3. The trial court erred in accepting fence lines as shown on a 1935 survey by the Louisiana Department of Highways as defining the “public roads” recited as the boundary in the two deeds.
4. The trial court erred in applying a burden of proof less stringent than that required by law.
5. The trial court erred in awarding legal interest from the time appellants received production proceeds rather than from the date of judgment.
The plaintiff-appellee answered the appeal and alleged one assignment of error:
1. The trial court committed reversible error in ignoring the clear language of La.Civ.Code art. 487 and this court’s application of same in Edmundson Bros. Partnership v. Montex Drilling Co., 98-1564 (La.App. 3 Cir. 5/5/99); 731 So.2d 1049.
| ¡¡DISCUSSION
In the first assignment of error, the appellants urge us to reconsider a ruling of this court. Early in this litigation Hall-wood filed exceptions of prescription and peremption. The trial court denied the exceptions. Hailwood applied for supervisory writs, which this court denied in an unpublished writ disposition bearing docket number 95-1516 (La.App. 3 Cir. 1/23/96). The appellants ask us to revisit that issue and reconsider this court’s prior ruling. We decline to do so. After a review of the record, and this court’s previous ruling, we find no error in that ruling and it will not be disturbed.
In it’s second assignment of error, the appellants argue the trial court’s application of State v. Tucker, 247 La. 188, 170 So.2d 371 (1964) was error. We disagree. The Supreme Court held in Tucker that Act 555 of 1956 cannot be applied retroactively. The act enacted La.R.S. 9:2971, which states, in pertinent part:
It shall be conclusively presumed that any transfer, conveyance, surface lease, *599 mineral lease, mortgage or any other contract or grant affecting land described as fronting on or bounded by a waterway, canal, highway, road, street, alley, railroad or other right of way, shall be held, deemed and construed to include all of grantor’s interest in and under such waterway, canal, highway, road, street, alley, railroad, or other right of way, whatever that interest may be, in the absence of any express provision therein particularly excluding the same therefrom[.]
The two transfers of ownership at issue in the matter before us were executed prior to 1956. Therefore, under Tucker, La.R.S. 9:2971 does not apply. The trial court was correct in its application of the law. This determination is consistent with this court’s previous rulings in Lamson Petroleum Co. v. Hallwood Petroleum, Inc., 99-1937 (La.App. 3 Cir. 5/10/00); 763 So.2d 40, writ denied, 00-2305 (La.11/27/00); 775 So.2d 446 and Lamson Petroleum Co. v. Hallwood Petroleum, Inc., 99-1444 (La.App. 3 Cir. 5/24/00); 770 So.2d 786, writ denied, 00-2568 (La.11/27/00); 775 So.2d 448.
|/The appellants’ third assignment of error concerns the boundaries set by the trial court. The appellants argue “bounded by a public road” is not the same as “bounded by a public road right of way” and argue the trial court should not have accepted the fence lines in the 1935 survey by the Louisiana Department of Highways as defining the “public road.” We have reviewed the trial court’s ruling and find no manifest error in his determination of the boundary at issue; therefore, we will not disturb that finding. Barker v. Quality Builders, Inc., 503 So.2d 1170 (La.App. 3 Cir.1987). The appellants have previously failed in their argument that “bounded by the public road” does not include the rights-of-way. Lamson 99-1937; 763 So.2d 40, and Lamson, 99-1444; 770 So.2d 786. We find the argument has no merit as it applies to the facts of this case. We find both assignments of error two and three to be without merit.
In the fourth assignment of error, the appellants argue the trial court erred by not requiring Lamson to prove title “good against the world.” The appellants argue the trial court cited the proper burden of proof but failed to require the appellee to meet that burden. We disagree. The trial judge thoroughly reviewed the applicable law and the facts of this particular case. We note the parties stipulated Jacques Albarado was the common ancestor-in-title. Considering the court’s factual findings pertaining to the conveyances at issue and the boundaries established, we agree with the court’s application of the law. This assignment of error is without merit.
The appellants’ final assignment of error relates to the legal interest awarded by the trial court. The trial court awarded legal interest on the amounts received by the defendants from the date they were received, with the exception of those funds deposited in escrow. The appellants argue interest should have been awarded from the date of judgment. Legal interest runs from the date the monies became due the | ^plaintiff. Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978). Lamson’s lease was retroactive to January 1,1990. Therefore, legal interest began to accrue from the date payments were made to the appellants, as payment to them was improper. The trial court is not in error and this assignment of error has no merit.
In its only assignment of error, the ap-pellee argues the trial court erred in finding the appellant to be a good faith possessor. We disagree.
La.Civ.Code art. 3481 states:
*600 Good faith is presumed. Neither error of fact nor error of law defeats this presumption. This presumption is rebutted on proof that the possessor knows, or should know, that he is not owner of the thing he possesses.
The trial court found there was a genuine dispute as to the ownership of the roadbeds and the defendants’ failure to acquiesce and give up possession as soon as suit was filed did not rise to the level of bad faith. Considering the record as a whole, and the lengthy litigation involving the ownership of the roadbeds at issue, as well as issues involving their locations and boundaries, we cannot say the trial court erred.
The appellee argues this court’s ruling in Edmundson Bros. Partnership v. Montex Drilling Co., 98-1564; 731 So.2d 1049, mandates a finding of bad faith. We find, however, that Edmundson is clearly distinguishable from the instant case.
The Edmundson case involved a suit by lessors against mineral lessees for cancellation of the lease for failure to develop the property. The lessee had drilled only one well in ten years on the 1149 acre tract and it did not produce in paying quantities. The lessors put the lessees in default, under the terms of the lease, by making a demand in writing that the lessee take steps to develop the property. The lessees took no further steps toward fulfilling their obligation under the lease and the | ^lessors filed suit. The court held the lessees were bad faith possessors from the time suit was filed under the provisions of La.Civ. Code art. 487 [1]
The facts before us are far different since there was a bona fide dispute as to the ownership of the property at issue. The dispute was resolved only after lengthy litigation and the taking of much testimony regarding both the title ownership and the boundaries of the property. Accordingly, we find no error in the trial court’s determination that the appellant was a good faith possessor.
In accordance with the reasons set forth above, the judgment of the trial court is affirmed. Costs of this appeal are assessed equally between appellants and ap-pellee.
AFFIRMED.
WOODARD, J., dissents in part and assigns written reasons.

. La.Civ.Code art. 487 states:
For purposes of accession, a possessor is in good faith when he possesses by virtue of an act translative of ownership and does not know of any defects in his ownership. He ceases to be in good faith when these defects are made known to him or an action is instituted against him by the owner for the recovery of the thing.