843 So.2d 424 (2002)
LAMSON PETROLEUM CORPORATION
v.
HALLWOOD PETROLEUM INC., et al.
Nos. 01-1201, 02-0138.
Court of Appeal of Louisiana, Third Circuit.
December 31, 2002.
*425 Mark H. Tompkins, Lafayette, LA, for Defendants-Appellants, Union Oil Company of California, Petrocorp Inc., Triton Oil & Gas Corp., James H. Echezabal, J.H. Echezabal, Inc., Doug Ashy and Ena Claire Ashy.
Ewell E. Eagan, Jr., Gordon, Arata, McCollam, Duplantis & Eagan, New Orleans, LA, for Defendant-Appellant, Union Oil Company of California.
Jefferson J. Moss, Jr., Lafayette, LA, for Defendants-Appellants, Doug Ashy and Ena Claire Ashy.
Richard F. Price, Jr., Metairie, LA, for Defendants-Appellants, James H. Echezabal and J.H. Echezabal, Inc.
Robin D. McGuire, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., Lafayette, LA, for Plaintiff-Appellee and Cross-Appellant, Lamson Petroleum Corporation.
Carl D. Rosenblum, Covert J. Geary, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., New Orleans, LA, for Plaintiff-Appellee and Cross-Appellant, Lamson Petroleum Corporation.
Arthur D. Mouton, Lafayette, LA, for Plaintiff-Appellee and Cross-Appellant, Lamson Petroleum Corporation.
Matthew J. Randazzo, III, Gordon, Arata, McCollam, Duplantis & Eagan, New Orleans, LA, for Defendant-Appellant, Union Oil Company of California, Arthur C. LeBlanc, Jr., CPL & Assoc.
Marshall F. Maestri, Lafayette, LA, for Union Oil Company of California.
Barousse & Craton, Crowley, LA, for Succession/Estate of Raleigh Bernard, Debbie Bernard Smith, Ida Mae Beard.
Mel Lewis Credeur, Lafayette, LA, for Dwayne P. Credeur, Barbara Ann Broussard Credeur.
John Weir Grant, Lafayette, LA, for Sunset Production Corp., Consolidated Oil & Gas, Inc.
Timothy Scott Cragin, New Orleans, LA, for Lamson Petroleum Corp.
James Caffery Wilbourn, Houston, TX.
James Cary Wilbourn, Houston, TX.
Barbara D. Cowart, Breaux Bridge, LA.
Walter C. Flower, III, Breaux Bridge, LA.
Wilson A. Montgomery, Lake Charles, LA.
Stephen E. Montgomery, Houston, TX.
Court composed of NED E. DOUCET, C.J., HENRY L. YELVERTON, ULYSSES GENE THIBODEAUX, SYLVIA R. COOKS, JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD, OSWALD A. DECUIR, JIMMIE C. PETERS, MARC T. AMY, MICHAEL G. SULLIVAN, GLENN B. GREMILLION and ELIZABETH A. PICKETT, Judges.
COOKS, Judge.
These cases are on remand from the Supreme Court. This Court was ordered *426 to hold an en banc hearing to determine whether our "decisions in Lamson Petroleum Corporation v. Hallwood Petroleum, Inc., et al., XXXX-XXXXX (La.App. 3 Cir. 2/6/02), 814 So.2d 134 and Lamson Petroleum Corporation v. Hallwood Petroleum, Inc., et al., 2002-138 (La.App. 3 Cir. 7/10/02), 823 So.2d 431 are in conflict with [our] decision in Lamson Petroleum Corporation v. Hallwood Petroleum, Inc., et al., XXXX-XXXX (La.App. 3 Cir. 3/20/02), 814 So.2d 596, on the issue of whether or not defendants are good faith possessors after the filing of judicial demand, and if so, to determine which view is correct." We have conducted the en banc hearing as instructed and the majority of this Court has determined that our decisions in Lamson, 814 So.2d 134 and Lamson, 823 So.2d 431 are sound and supported by the clear and unambiguous language found in La. Civ.Code art. 487, which provides:
For purposes of accession, a possessor is in good faith when he possesses by virtue of an act translative of ownership and does not know of any defects in his ownership. He ceases to be in good faith when these defects are made known to him or an action is instituted against him by the owner for the recovery of the thing.

(Emphasis added.)
In Lamson Petroleum Corporation v. Hallwood Petroleum, Inc., et al., 2002-138 (La.App. 3 Cir. 7/10/02), 823 So.2d 431, we noted the plain language of article 487 mandates that a possessor "ceases to be in good faith" when an action is instituted against it, and stated as follows:
There is no exception or qualification to this rule set out in ... article [487]. In Edmundson [Bros. Partnership v. Montex Drilling Co., 98-1564; 731 So.2d 1049], we held a mineral lessee ceases to be in good faith under La.Civ.Code arts. 487 and 488 at the time of judicial demand and ceases to be entitled to recover the costs of production. We specifically noted, although the defendants-appellants were in good faith prior to judicial demand, they ceased to be in good faith after the filing of the petitory action. La.Civ.Code art. 488 provides that a possessor in bad faith does not have the right to reimbursement of expenses. Accordingly, defendants-appellants are not entitled to recover expenses they incurred after the filing of this suit. That portion of the judgment finding defendants-appellants in good faith after the filing of suit is reversed, and they are not entitled to expenses after that date.
Lamson, 823 So.2d at 437.
Accordingly, that portion of the decision rendered in Lamson Petroleum Corporation v. Hallwood Petroleum, Inc., et al., XXXX-XXXX (La.App. 3 Cir. 3/20/02), 814 So.2d 596, finding to the contrary is hereby reversed and we hereby hold on remand that defendants ceased to be in good faith when suit was filed.
AFFIRMED AND REVERSED IN PART.
PICKETT, J., dissents.