STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1515


CALDWELL LANDS, INC.

VERSUS

CEDYCO CORPORATION


************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 83,504
HONORABLE MARILYN CASTLE, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.


AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Martin L. Morgan
Attorney at Law
1331 West Causeway Approach
Mandeville, Louisiana 70471
(985) 624-9920
Counsel for Defendant/Appellant:
        Cedyco Corporation

James C. Bates
Strain, Dennis & Bates, L.L.P.
318 St. Charles Street
Baton Rouge, Louisiana 70802
(225) 343-0100
Counsel for Plaintiff/Appellee:
        Caldwell Lands, Inc.

**Paul G. Moresi, Jr.**
**The Moresi Firm, L.L.C.**
**111 South State Street**
**Abbeville, Louisiana 70510**
**(337) 898-0111**
**Counsel for Plaintiff/Appellee:**
      **Caldwell Lands, Inc.**

**SULLIVAN, Judge.**

Cedyco Corporation appeals a judgment against it for production proceeds, legal interest thereon, and expert witness fees. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

*Facts and Procedural History*

Caldwell Lands, Inc. (Caldwell) filed suit against Cedyco Corporation (Cedyco) to recover proceeds from oil, gas, and/or condensate production attributable to a portion of a 10.3 acre tract it owns in Vermilion Parish. After being served with the suit, Cedyco attempted to proceed in proper person. Caldwell moved to strike its answer on the basis that a corporation cannot appear in person. Cedyco was represented by counsel at the hearing on Caldwell's motion to strike who agreed to a judgment granting the motion to strike. Counsel for Cedyco then filed an answer on Cedyco's behalf but withdrew as counsel of record a short time later. Cedyco did not obtain legal counsel thereafter and was unrepresented at trial.

At trial, Caldwell presented evidence which established that it owns property contained within the Cristellaria A-7 Sand, Reservoir A, Sand Unit B (the Unit) and that Cedyco became the operator of the Unit on October 1, 1997. Cedyco admitted in its answer that as operator of the Unit, it "produced oil, gas and/or condensate from said unit and has not paid any proceeds of production from said unit to plaintiff, Caldwell Lands, Inc." Caldwell presented evidence that it had not been paid proceeds of production attributable to its property from any source. Caldwell also presented the testimony of a petroleum engineer to establish the dollar amount of the production

1

attributable to its property contained within the Unit and the legal interest that had accrued on the proceeds beginning six months after production.[1]

After trial, the trial court took the matter under advisement, then rendered judgment in favor of Caldwell in the amount of $27,902.00, together with "interest of $10,050.39 through April 30, 2007 and interest accruing thereafter at the rate of legal interest until paid." The judgment also assigned the fees of Caldwell's expert witness as court costs and assessed costs against Cedyco.

Cedyco appealed. It assigns two errors: 1) the trial court erred in awarding judgment pursuant to La.Civ.Code arts. 487 and 488, and 2) the trial court erred in awarding judgment based on a theory that Caldwell did not plead.

### Standard of Review

Findings of fact are subject to the manifest error or clearly wrong standard of review, *Stobart v. State, through Department of Transportation & Development*, 617 So.2d 880 (La.1993), but legal errors are subject to the de novo standard of review. *Evans v. Lungrin*, 97-541, 97-577 (La. 2/6/98), 708 So.2d 731. The supreme court explained in *Evans*, "[a] legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights." *Id.* at 735 (citation omitted).

---

[1]Counsel for Caldwell explained that he instructed the witness to calculate legal interest beginning six months after production as per La.R.S. 30:10(A)(3) which provides:

(3) If there is included in any unit created by the commissioner of conservation one or more unleased interests for which the party or parties entitled to market production therefrom have not made arrangements to separately dispose of the share of such production attributable to such tract, and the unit operator proceeds with the sale of unit production, then the unit operator shall pay to such party or parties such tract's pro rata share of the proceeds of the sale of production within one hundred eighty days of such sale.

## *Discussion*

Before addressing its assignments of error, we address incorrect factual assertions made by Cedyco in its brief. Cedyco states that its attorney was allowed to withdraw as counsel of record at the time of trial. This assertion is wrong. The record clearly reflects that an attorney, other than counsel for Caldwell, did appear in court the morning of trial, Monday, May 7, 2007. However, the attorney informed the court that he had been contacted the previous Friday by a Cedyco representative and believed that the matter had been settled. He made it clear to the court that he was not representing "anyone" and that he did not "want to be involved in the case." The matter was not settled and proceeded to trial; Cedyco was unrepresented.

### *Articles 487 and 488*

Louisiana Civil Code Articles 487 and 488 are the basis for Caldwell's claims against Cedyco. Cedyco argues that Article 487 has never been applied to a claim for nonpayment of royalties. Caldwell points out that it does not claim Cedyco failed to pay royalties pursuant to a lease; it claims that Cedyco does not own a lease from it and produced oil, gas, and/or condensate from the Unit without paying proceeds of the production to it. Caldwell also points out that this court has applied these articles to similar situations. *See Lamson Petroleum Corp. v. Hallwood Petroleum, Inc.*, 01-1201, 02-138 (La.App. 3 Cir. 12/31/02), 843 So.2d 424, *writ denied*, 03-333 (La. 4/21/03), 841 So.2d 796.

Cedyco also argues that Article 487 does not apply to trespassers and that it is a trespasser if it produced oil and gas from Caldwell's land without a lease. Articles 483 through 489 of the Louisiana Civil Code address the ownership and possession of fruits of real property. Oil, gas, and other minerals are not owned by the

3

landowner, but the landowner has the exclusive right to reduce the minerals to possession and ownership. La.R.S. 31:6. "Minerals are reduced to possession when they are under physical control that permits delivery to another." La.R.S. 31:7. Accordingly, Cedyco became a possessor of the minerals underlying Caldwell's property when it drilled and took physical control of them. *See also Lamson*, 843 So.2d 424.

Pursuant to Article 488, a good faith possessor has the right to be reimbursed for his expenses, but a bad faith possessor does not. Good faith is presumed, but the presumption can be rebutted with "proof that the possessor knows, or should know, that he is not the owner of the thing." La.Civ.Code art. 3481. Comment (b) to Article 3481 provides that "one who alleges that the possessor is not in good faith has the burden of proving his allegation."

Caldwell alleged in its petition that Cedyco did not own a mineral lease from it covering the property at issue. Cedyco denied the allegation in its answer. Pursuant to La.Civ.Code art. 3481, Caldwell had the burden of proving that Cedyco did not possess in good faith. Caldwell did not present any evidence at trial to establish that Cedyco did not own a mineral lease from it. Therefore, it did not carry its burden of proof, and the trial court committed legal error when it did not require Caldwell to reimburse Cedyco for its expenses. Accordingly, the judgment must be reversed in this respect.

The record does not contain any evidence regarding Cedyco's production expenses, and the matter must be remanded for evidence of those expenses.

4

***Theory Plead***

Cedyco next complains that the trial court erred in granting judgment in Caldwell's favor because at trial Caldwell "proceeded on a theory not pleaded." Except for a default judgment, "a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief." La.Code Civ.P. art. 862. Additionally, the pleadings are "expanded" when evidence on issues not raised therein is presented at trial without objection. La.Code Civ.P. art. 1154 and Comment (b) thereto.

Caldwell alleged in its Petition and proved at trial that it owns property situated within the Unit and that Cedyco produced oil and gas from the Unit but did not pay any production proceeds to it. Therefore, Caldwell proved that Cedyco owes it production proceeds. This assignment of error has no merit.

***Disposition***

The judgment of the trial court is reversed as to Cedyco's right to reimbursement of its production expenses but is affirmed in all other respects. The matter is remanded to the trial court for a determination of the production expenses for which Caldwell must reimburse Cedyco. Costs of this appeal are assessed equally between the parties.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**